illegal draft would not of itself bar the defence which might have been set up to a note which formed a part of such an illegal agreement originally.

The decree appealed from must be affirmed with costs.

---

THE BANK OF ROCHESTER *vs.* EMERSON and others,

Where a creditor's bill was filed against a mortgagor to obtain satisfaction of the amount of the deficiency, on a sale of mortgaged premises, under the usual decree over against him for the payment of such deficiency, and the bill stated the making of the report by the master of the amount of the deficiency, as by such report duly confirmed by the court and on file would appear, and also stated the issuing of an execution and its return unsatisfied, and the defendant pleaded in bar, that the report of the master as to the deficiency, had neither been filed nor confirmed when the execution was issued for such deficiency; *Held* that the plea formed a good defence to the suit.

Upon the usual decree over against a mortgagor, or other defendant who is no personally liable for the mortgage debt, for the amount of the deficiency, execution can regularly issue against him previous to the filing and confirmation of the master's report of such deficiency. Therefore where a creditor's bill was filed on such a decree, and upon the return of an execution issued thereon before the master's report of the deficiency was confirmed, the bill was dismissed, but without prejudice to the right of the complainant to file a new bill.

The order to confirm the master's report of the amount of the deficiency, which is entered upon the filing of the report, is an order nisi, and does not become absolute until the expiration of eight days from the time of its entry.

THIS was an appeal from a decretal order of the vice chancellor of the eighth circuit allowing a plea. The Bank of Rochester filed a bill against the defendant Emerson, to foreclose a mortgage given by him, and obtained the usual decree over against him for the deficiency in case the proceeds of the mortgaged premises should be insufficient to pay the debt and costs. And the bill in the present suit was an ordinary creditor's bill to obtain satisfaction of the amount of such deficiency. The bill, after stating the decree, the sale of the mortgaged premises by the master, and the application of the proceeds of such sale towards the payment of the debt and costs, further stated that the master reported, that on the 18th of December, 1841, the day

of the date of his report, there remained due to the com-
plainant for such deficiency $1896,89 ; as by the report of
the master, duly confirmed by the court and on file in the
office of the clerk of the 8th circuit would more fully ap-
pear. The bill then set out the issuing of an execution,
for such deficiency, on the 10th of January, 1842, returna-
ble on the 14th of the same month ; which execution was
afterwards returned unsatisfied. To this bill the defendant
Emerson pleaded in bar, that the report of the master as
to the deficiency had neither been filed nor confirmed at
the time when the execution was issued for such deficiency,
as was untruly alleged in the complainant's bill.

The vice chancellor allowed the plea and ordered the bill
to be dismissed, without prejudice to the right to file a new
bill ; if the complainant should not elect to take issue upon
the plea, as authorized by the 47th rule of the court.
From this decision of the vice chancellor the complainant
appealed.

*F. M. Haight*, for the appellant.

*O. Hastings*, for the respondent.

THE CHANCELLOR. The question raised by the plea in
this case is not one of mere irregularity in the execution ;
for the court does not determine questions of irregularity
in a collateral suit. But the plea shows that at the time
this execution issued, and for aught that appears to the
contrary at the time it was returned by the sheriff unsatis-
fied, there was no decree of the court authorizing the issu-
ing of an execution for the deficiency reported due upon
the master's sale. The decree stated in the complainant's
bill is not like a judgment at common law ; which, when
entered, relates back to the term of the court at which it was
pronounced, so as to authorize the issuing of an execution
tested as of that term. Even in the case of a judgment,
however, the statute does not allow the issuing of an exe-
cution until after the record of the judgment is actually

filed. (2 *R. S.* 360, § 11. *Marvin* v. *Herrick,* 5 *Wend.*
109.) And the case of *Barrie* v. *Dana,* (20 *John. Rep.*
307,) referred to in the opinion of the vice chancellor,
shows that it was irregular to issue an execution before the
actual filing of the judgment record, even previous to the
statute.

1843.

Bank of Ro-
chester
v.
Emerson.

Here the decree does not direct the mortgagor to pay
the deficiency when it shall be ascertained by the result of
the sale, or when the master shall have made out and signed
his report. Nor does the filing of the report of the master,
stating the amount of the deficiency, entitle the complain-
ant to demand the immediate payment of such deficiency,
so as to authorize the issuing of an execution therefor.
The decree is that the mortgagor, or other defendant who
is personally liable for the mortgage debt, pay the amount
of the deficiency reported due, upon the coming in and con-
firmation of the report of the master. Until the master's
report is confirmed as well as filed, therefore, the deficiency
is not payable under the decree ; and of course no execution
can issue against the property of the defendant previous to
that time.

In the case of *Marvin* v. *Herrick,* before referred to, the
late chief justice intimates that the execution, though a
mere nullity until the record was filed, might become ope-
rative in the hands of the sheriff from the time of such filing,
although delivered to him previously. But even such a
principle if adopted in this case would not help the ap-
pellant. For the plea contains two averments which, ta-
ken together, show that the deficiency was not payable, by
the terms of the decree, until after the return day of the ex-
ecution. The bill states the issuing of an execution on the
10th of January, 1842, returnable on the 14th, and which
was actually returned by the sheriff unsatisfied on the 16th
of the same month. And as the plea avers that the mas-
ter's report was neither confirmed nor filed at the time of
issuing the execution, it could not have been confirmed, ac-
cording to the settled course of the court, at any time pre-
vious to the actual return of the execution by the sheriff.

For, by the 110th rule of the court, the order which is to be entered upon the filing of the report is an order nisi, and that does not become absolute until the expiration of eight days from the time of the entry of such order.

The objection that the plea is double does not appear to be well taken. The plea does not set up two good defences to the bill, but two facts merely which go to establish one point, to wit, that the decree for the payment of the deficiency had not become absolute at the time of the issuing the execution, or at any time afterwards while such execution could be legally levied on the defendant's property. Nor do I think it is a case in which the defendant could have protected himself by a demurrer. For upon the allegations in the bill, uncontradicted and unexplained, I think the court would have inferred that the deficiency had become due and payable, according to the terms of the decree, previous to the issuing of the execution on the 10th of January, 1842.

The decretal order appealed from must therefore be affirmed with costs.