## SUPREME COURT.

### Cobb agt. Thornton and others.

The plaintiff in a mortgage foreclosure suit can not have, under § 274 of the Code, a contingent personal judgment against some of the defendants, before final judgment of foreclosure and sale.

*Orleans Special Term, May* 1852. *Motion for leave to enter judgment against some of the defendants.* The object of the action is to foreclose a mortgage executed by Richard B. Thornton and wife, to secure the payment of a joint and several promissory note, made by all the defendants except Thornton's wife, and for a judgment against the makers of the note for any deficiency upon the sale of the mortgaged premises. Richard B. Thornton, the mortgagor, defends. The other defendants interpose no defence. The clerk of Cattaraugus county has assessed the damages upon the note as against the makers not defending; and the plaintiff now moves for judgment against them, to contain special provisions.

Asgill Gibbs, *for Plaintiff*.
—— ——, *for Defendants*.

Marvin, Justice.—The plaintiff's counsel supposed that section 274 of the Code justifies this motion, and that the court is authorized by it to render judgment against one or more of the defendants, leaving the action to proceed against the others. This section has given rise to much discussion and the decisions under it are conflicting, but I am not aware that any attempt has been made to apply it in the manner desired in the present case.

The Revised Statutes, relating to the foreclosure of mortgages in chancery, are still in force. They empower the court to decree a sale of the mortgaged premises; to compel the delivery of the possession to the purchaser; and " on the coming in of the report of sale," to decree and direct the payment of any balance of the mortgage debt that may remain unsatisfied after a sale of the premises in the case in which such balance is recoverable at law.

Cobb agt. Thornton and others.

The statute prohibits any proceedings at law for the recovery of the debt, after the bill is filed, unless authorized by the court. It authorizes the making of persons, other than the mortgagor, who are liable for the payment of the debt, parties; and the court may decree the payment of the *balance* of the debt remaining unsatisfied *after a sale of the mortgaged premises,* as well against such persons as the mortgagor (2 *R. S.* 191, *sections* 151, 152, 153, 154). Here the plaintiff finds his authority for joining those liable to pay the debt, with the mortgagor, in the action to foreclose, and he is bound by the terms imposed.

The practice under these provisions of the statute was and still is, to make, in the decree or judgment for foreclosure and sale, a contingent decree for the payment of any deficiency upon the coming in and confirmation of the report of sale, and that the plaintiff have execution therefor (McCarthy vs. Graham, 8 *Paige,* 480).

No execution can issue until the deficiency has been ascertained by the report of sale of the mortgaged premises, and the report has been confirmed (Bank of Rochester vs. Emerson, 10 *Paige,* 115). The court has no authority, where the action is to foreclose a mortgage, to render a contingent judgment for the balance of the debt remaining unsatisfied after a sale of the mortgaged premises previous to the rendition of the principal judgment for a foreclosure and sale of the premises mortgaged. The action can not be so divided. The object of the action is a foreclosure and sale, and the recovery of any deficiency from those who are personally liable. The amount of the personal liability can not, in this action, be known until after a sale of the mortgaged premises. Section 274 of the Code is not applicable to the present case. It would not be proper to render a contingent personal judgment against the defendants as makers of the note, until the final judgment of foreclosure and sale.

The motion is denied.