Bosworth, J.
The causes of action stated in the complaint, do not survive to the survivors, but continue. As I read the statute, the defendant is not entitled to such an order as he seeks. 2 R. S. § 114, [sec. 108] declares that in such a case “ the suit shall abate only as to the person or persons so dying ; and the surviving parties may proceed without reviving the suit.”
§ 124, [sec. 118] ed. 185, provides that if the surviving complainant refuse or neglect to proceed against the representatives of the deceased complainant, as defendants ; the court on petition of the original defendant, may order such representatives, to show cause, why the suit should not stand revived in their names, or the bill be dismissed, as far as the interests of such representatives are concerned.
Upon proof of the reasonable service of a copy of the order on such representatives, if no cause to the contrary be shown, the court may order the revival of the suit in- their names, or the dismissal of the bill with costs or otherwise. Ed. 125.
The revival or dismissal to be so ordered, is of course one which is only co-extensive with the interests of such representatives, and is as to such interests only.
*649 That is all the court is authorized by § 124, to order, and if the court can dismiss the bill, as to the surviving complainants against their will, and these desire to proceed in the suit, then § 114 is unmeaning.
It seems to me, that the plain meaning of the statute is this : a surviving complainant has an absolute right to proceed in his suit, § 114. He may bring in the representatives of his deceased co-complainant, if he is so disposed, and make them defendants, but is not obliged to do so. § 123.
If the surviving complainant neglect or refuse to do this, he is not to be put out of court for that cause ; but the defendant may have an order, (and serve it on the representatives of the deceased complainant,) requiring such representatives to show cause why the suit should not stand revived in their names, or the bill be dismissed so far as the interests of such representatives are concerned. § 124. The court may order a revival or dismissal as to such interests.
Pells v. Coon, Hop. 450, was decided prior to R. S. of 1830.
In Rogers v. Rogers, 4 Paige, 409, the practice pursued accords with the view of the statute which I have expressed.
The surviving complainant is not at liberty to keep the suit in court, and omit to proceed. His suit may be dismissed for want of prosecution. Whether he should now be permitted, as a matter of right, to discontinue, without payment of costs, or whether it is the right of a defendant to have it disposed of as to him on the merits, it is unnecessary to decide.
I do not deem it proper to make any order on this motion, except one denying it, without costs. If the defendant considers it necessary or expedient to bring the representatives of the deceased complainants into court, to secure a revival of the suit in their names, or a dismissal of the bill of complaint, so far as their interests are concerned, there is an obvious propriety in his prosecuting a petition for an order for that purpose. § 124, ed.
§121 of the code does not seem adapted to the exigencies of the case. Some of the complainants died more than a year since. Their representatives cannot be brought in on motion; a defendant cannot well file a supplemental complaint, and the *650 action does not provide for dismissing a complaint, as to the interests of the representatives of a deceased complainant.
Approved by all the judges upon consultation.