SARAH HANCOCK, Executrix, &c., *v.* HANCOCK *et al.*

Judgment upon the report of a referee is to be entered, in form, as if pronounced by the court, before one of its justices at special term.

An admitted prior mortgagee not being a necessary party to a foreclosure suit, if he dies or his interest devolves on another pending the action, the proceedings may go on without reviving or continuing them against his successor.

Bequest of the testator's entire estate to executors, in trust to pay the income to his widow during her life, and as to a certain mortgage, the principal and all arrears of interest, so far as they should not exceed $1,200 at the death of the widow, were bequeathed to the mortgagor: *Held,* that the debt was not extinguished, but was kept on foot for the purpose of paying the interest to the widow, and the principal to the mortgagor, and that the widow, therefore, could maintain an action to foreclose the mortgage.

APPEAL from the Supreme Court. Action to foreclose a mortgage, bearing date in October, 1846, given by the defendant, Robert Hancock and wife to the testator, John Hancock, for the sum of $1,200, payable in one year with interest. One Crawford C. Smith, as treasurer of the county of Kings, was also made a defendant, as the holder of a prior mortgage upon the same premises. Before the trial, Smith had been succeeded in the office of treasurer by one Seabury; but the latter did not appear to have been substituted as a defendant. It was proved before the referee who tried the cause, and he found, that John Hancock, the mortgagee, died in December, 1851, leaving a will, whereby he appointed the plaintiff one of his executors; that the will was duly proved, and letters testamentary were issued to her alone, in April, 1852; that, in and by said will, the testator bequeathed all his estate to his executors in trust, after deducting certain expenses, to pay the income thereof, due or to become due, to his widow, the plaintiff, during her life; and that, after her death, among other bequests, he bequeathed the amount of the mortgage in question to Robert Hancock, the mortgagor, so far only as the principal and arrears

Hancock *v.* Hancock.

of interest should not exceed the sum of $1,200, at the decease of his wife. It also appeared, from a written admission of the plaintiff, dated in June, 1852, and the referee found, that the principal sum then due was only $986.94, on which the interest was in arrear since the 19th of November, 1850. He also found that Seabury, as county treasurer, held, at the time of the trial, a mortgage on the premises, which was a prior lien, to the amount of $150. In the answer of the defendant, Robert Hancock, it was claimed that the original consideration of the mortgage in question was only the said sum of $986.94; and the defence of usury was set up. But there was no satisfactory evidence tending to prove the alleged usury; and the referee found nothing on that subject.

The referee held and decided that the plaintiff was entitled to judgment for the sale of the mortgaged premises, subject to the mortgage held as aforesaid by the treasurer of Kings county; that the moneys arising from such sale be brought into court; that the plaintiff be paid therefrom the interest due to her, reckoned upon a principal of $986.94, together with the costs of the suit; and that, out of the surplus, the said sum of $986.94—if such surplus should amount to so much, and if not, then the whole of the surplus—be invested as the court should direct, for the benefit of the plaintiff during her natural life. A judgment of foreclosure and sale was entered on the report of the referee, purporting to be a judgment of the Supreme Court at special term—present, JOHN A. LOTT, Justice—which, on appeal, was affirmed at the general term. The defendant appealed to this court.

*Samuel F. Clarkson,* for the appellant.

*Cornelius W. Van Voorhies,* for the respondent.

COMSTOCK, Ch. J. I do not see any considerable merit in any of the questions raised upon this appeal. They will be mentioned, however, in their order.

1. The Code of Procedure provides that, when a case is wholly referred for trial and decision, "the report of the referee

shall stand as the decision of the court" (§ 272); and on this ground it is claimed that the Supreme Court, at special term, had no authority to enter the judgment now in question. The practice of entering judgment in such cases in form, as though pronounced by the court, before one of its justices, has been uniform under the new as well as under the old system of procedure; and an objection of this nature is now for the first time made. It has no foundation. The same section which has been referred to further declares that "judgment may be entered thereon [on the report] in the same manner as if the action had been tried by the court." The whole section plainly means that the decision, or report, of the referee, upon all the issues in a cause, stands as the foundation of a judgment which is to be formally drawn up and entered as though pronounced by the court in which the suit is pending. It becomes the judgment of the court when so entered; and there is no authority in the Constitution or laws of this State for obtaining final judgment before a referee. A reference is only one of the modes of trial, and, like other modes of trial, it is a proceeding in the action and in the court which directs it to be had.

2. The report of the referee directed the sale of the premises to be made, subject to the prior mortgage held by the treasurer of Kings county; but this provision does not appear to be repeated in the judgment. This supposed irregularity, or defect, is urged upon the present appeal. There is nothing in this point. The judgment, in fact, recites the report of the referee, including the provision in respect to the prior mortgage; and it adjudges that the report shall stand ratified and confirmed. The true meaning of the judgment in this particular, therefore, obviously is, that the sale shall be made subject to the elder lien, as the referee determined. This being plain, no further answer to this suggestion need be given.

3. Smith, the treasurer of Kings county, was originally made a defendant; but no motion or order appears to have been made continuing the action against Seabury, who succeeded to his interest as prior mortgagee pending the action. But there is nothing in this omission, or its consequences, of

which the appellant Hancock can complain. The substitution of Seabury as a defendant might have been properly made; and, if he made no objection—possibly, even, if he did object —the referee might have adjudged that the premises be sold clear of that lien, and that it be first paid out of the proceeds. But an admitted prior mortgagee is never a necessary party to a foreclosure suit, and, consequently, if he dies or his interest devolves on another pending the action, the proceedings may go on without reviving or continuing them against his successor. The decree, in such a case, cannot affect the prior lien, because there is no party before the court who represents it. What the law would declare in such circumstances, the referee, with abundant caution, expressly provided for in his decision. This was extremely proper to be done, in order that purchasers might be under no misapprehension as to the title to be sold or the incumbrance thereon.

4. As to the defence of usury, nothing in terms is said of it in the report of the referee. But his general conclusion in favor of the plaintiff necessarily involves a finding of fact that the mortgage was free from that vice. We have no power to find the fact otherwise; and it may be added that the evidence does not sustain the allegation of the answer in this respect.

5. It is, finally, urged that, by the will of John Hancock, the mortgage in question was bequeathed to the defendant, the mortgagor, and that such bequest amounted to a gift of the debt, so that no foreclosure of the security can be had. But, in fact, the interest due at the death of the testator, and to become due during the life of his widow, was bequeathed to her, and then the principal, with so much interest as might happen to be unpaid, not exceeding in all $1,200, was given to the mortgagor. This was an absolute gift of the entire interest to the widow, because she could rightfully collect and appropriate the whole of it, and to this extent the limitation over was repugnant and void. But this is not material. The point mentioned at the trial and now urged is, that the mortgage was specifically given to the defendant in such a sense as to work an extinguishment of the debt and the security. This,

plainly, is not so. The interest was to continue payable as long as the widow should live, and for her benefit; and even at her decease, the bequest to him was qualified by a provision that any amount which the debt might reach over and above a certain specified sum was still to be paid. The meaning and result of this are sufficiently clear. The debt was not given, either to the widow or to the mortgagor. It was divided between them—the interest to one, the principal to the other; and the mortgage was to be kept on foot as a living security for the purposes specified. It became, in effect, a mortgage to secure the payment of interest upon a sum in which the defendant had been indebted, and the appropriate remedy for his default has been sought in this suit.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.