## NEW YORK COMMON PLEAS.

ARMAND LACHAISE and others agt. JAS. S. LIBBY and others.

Where the *surviving party* has succeeded to all the rights and liabilities of the *decedent* for all the purposes of the action, the suit *has not abated,* and the surviving parties may proceed without reviving it.

*Special Term, August,* 1861.
MOTION to revive the action.

HILTON, J. An action cannot be regarded as having abated by reason of the death of one or more of the several parties to it when the proper parties still remain before the court, enabling it to make a final judgment respecting the subject matter of the controversy. And if, on the death of a party, the cause of action survives to or against some other of the parties, so that a perfect decree or judgment as to every part of the litigation can be made between the surviving parties, the suit does not abate as to the survivors. (1 *Barb. Ch., p.* 675.) In the late court of chancery the practice in such cases was, upon the motion of either

party, to order the suit to proceed between the survivors. (*Leggett* agt. *Dubois*, 2 *Paige*, 211; 2 *R. S.*, 184, § 107; *id.*, 386, §§ 1, 2.)

It will thus be seen that it is not every death of a party to a suit which occasions such an abatement as will suspend the proceedings, as there are many such cases where there is, in fact, no abatement as to the survivors. Of this kind are suits brought by or against two or more executors, trustees or joint tenants, or members of a copartnership, where on the death of one the whole right of action or ground of relief survives in favor of or against the other. (3 *Daniel's Ch. R.*, *p.* 120.) *Fallones* agt. *Williamson*, (11 *Vesey*, 309,) and to this class of suits the present case belongs.

The action is brought by a copartnership against the defendants, as assignees of an insolvent debtor, of whom the plaintiffs are judgment creditors. Since its commencement one of the plaintiffs and also one of the defendants have died, but as in each instance the surviving party has succeeded to the rights and liabilities of the decedent for all the purposes of the action, the suit has not abated, and the surviving parties may proceed without reviving it.

Upon entering final judgment it will be necessary to put upon the record a suggestion of the death of the deceased parties, in conformity with 2 R. S., 386, § 1; and if either party now desires it, an order may be entered directing the action to continue between the surviving parties, as was done in *Leggett* agt. *Dubois*, *supra;* but beyond this, there seems to me, nothing more is required. (*Taylor* agt. *Church*, 9 *Barb. Ch. R.*, 190; *Williamson* agt. *Moore*, 5 *Sand. S. C. R.*, 647.)

The Code (§ 121) does not conflict with the practice here suggested.

The order of June 3d, directing that the action be revived, will, therefore, be vacated, and the motion for that purpose will be denied. Costs of both motions to abide the event of the suit.