H. G. Prindle, County Judge.
This action by George J. R. lewis against Hezekiah A. Randall, was commenced in a justice’s court, and brought by - appeal to the Chenango County court. The respondent now moves to dismiss the appeal on the ground that the notice of appeal was not stamped, pursuant to the Act of Congress.
The portion of-the -Act of Congress relating to this question is *136 as follows: “ Writs or other process on appeals from justice’s courts, or other courts of inferior jurisdiction, to a court of record, fifty cents.”
It is quite clear to my mind that it was the intention of Congress to require a stamp to be affixed to the process by which a suit is removed from a justice’s court to a court of record. Unless-such stamp is affixed, the process is made void by the act of Congress; and if void, the county court has no jm-isdiction of the case.
In the case of Whiteley v. Leeds, in the Common Pleas of the city of Hew York, the court held that it was necessary that the notice of appeal should be stamped; and allowed the appellant to affix the stamp in open court, under section 327 of the Code of Procedure, which provides as follows: “ Where a party shall give in good faith notice of an appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the court may per- ■ mit an amendment on such terms as may be just.”
I think the court, in this case, did not take a correct view of the law. The above section of the Code was never intended to reach a case of this kind. The Code provides certain steps to be taken, in order t'o perfect an appeal, and if the appellant should bring the appeal in good faith, and by mistake should neglect to do some act necessary to perfect the appeal, the court, on being satisfied of the fact, could, under the above section of the Code, allow time to supply the defect. The rule, was adopted with special reference to the rule then in existence in regard to appeals, and the steps necessary to be taken by the appellant in order to perfect his appeal. It had no reference to the Stamp Act passed by Congress. The Code was adopted years before the Stamp Act was even contemplated, and even if the Code had been passed subsequent .to the Act of Congress, the notice of appeal being void, could not be made effective by being stamped in open court, unless authorized by the Act of Congress.- The Act of Congress provides that such process, unless duly stamped, is void and of ho effect. It is not merely voidable, but absolutely void, and if void, no act of a State court could make it valid. If Congress had the power to declare the process of a State court void for want of a proper stamp, I can see no escape from the conclusion that the appeal must be dismissed ; and the only remaining question to be considered is, whether Congress *137 has authority to declare the process of a State court void for the want of a proper stamp.
In determining this question, the first inquiry arises in regard to our State courts, whether they exist and are entirely independent of Congress as regards the question of process and jurisdiction. If they are entirely State organizations, and can in no way be legitimately interfered with by Congress, then Congress can no more interfere with their jurisdiction by declaring a process void for want of a stamp, than by attempting to determine the form or nature of a process to -be issued in order to acquire jurisdiction in a particular case. Congress has no power to legislate on the question unless the same is authorized by the Constitution. The powers of Congress are delegated by the Constitution, and article 10 provides that “ The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.” The government of the United States is a derivative one, and can claim no powers which are not granted by the Constitution, either in express terms, or by necessary implication. All powers not delegated to it, or not inhibited to the States, are reserved to them, or the people. The powers bestowed by the Constitution upon the government of the United States are limited in their extent. As the State governments retained the right to make all such laws as they might think proper within the ordinary powers of the legislatures, if not inconsistent with the powers vested exclusively in the Federal government, they only look to that instrument for restrietions upon, and not for- grants of legislative authority, whilst the national legislature is dependent entirely upon the provisions of the Federal Constitution for all the powers which it possesses, and, like the government under which it exists, it can exercise no powers except those expressly granted, or arising by necessary implication.
Among the powers expressly delegated to Congress is the right to lay and collect duties, taxes, imports and excises. I think, however, that there are certain limitations and restrictions to the exercise of this right: there is, perhaps, no limitation to the extent of the right so far as the individual members of the government are concerned, but where Congress attempts to carry the doctrine to the extent of depriving a State court of jurisdiction, it is quite a different question, and one of much *138 greater magnitude. There is a palpable distinction between the powers of Congress and those possessed by the legislatures of the respective States. The legislatures of the respective States, independent of any constitutional restriction, are undoubtedly vested with unlimited power's of legislation.* The decisions of English courts, of questions arising under their Stamp Act have little weight as precedents in determining the question in this case, as the legislative powers of that government are not restricted by the Constitution in this respect. ■ Judge Stoky, in his Commentaries on the Constitution, in speaking of the. rules by which that instrument should be interpreted, among other things, says : “ One important rule in the interpretation of the Constitution is, not to enlarge the construction of a given power beyond the fair scope of its terms, merely because the restriction is inconvenient, impolitic, or even mischievous. It should never be lost sight of, that the government of the United States is one of .limited and enumerated powers; and that a departure from the true import and sense of its powers is fro tanto the establishment of a new Constitution. To the general government-are assigned all those powers which relate to the common interests of all the States, as comprising one confederated nation, while to each State is reserved all those powers which may affect or promote its own domestic interests, its prosperity, its policy, and its local institutions,” within the above rule.
Let us again advert to some of the provisions contained in the Constitution. The first subdivision of section eight, article first, of the Constitution, before alluded to, provides that Congress shall have power “ to -lay and collect taxes, duties, imports and excises.” Subdivision nineteen of the same section provides that Congress shall have power “ to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution, in the government of* the United States, or in any department or office thereof.” It is quite clear that the first subdivision quoted, confers no authority to make the process of a State court void. Laying and collecting taxes is one thing, and declaring process void another. If Congress possessed the power to pass the statute in question, that power was derived from the. latter subdivision quoted. But can it be said to be necessary and proper that Congress should inter *139 fere with the jurisdiction of a State court in order to “ lay and collect taxes, duties, imports and excises ?” I think not. Congress has abundant power to lay taxes, and collect taxes, and raise sufficient money for all government purposes, without laying its hands upon the machinery of State government. It has the power to tax the people in their capacity of citizens of the United States, all that they are able to bear, and all that the necessities of the government demand. Indeed, the whole property of the people can be taken away by the levy of direct taxes, and by taxing their products, and their transactions with one and another as citizens. Wherefore then the necessity for Congress to invade the.department of State authority in the levy and collection of taxes! It could -not have been contemplated by the framers of the Constitution that the general government should possess this authority. That instrument was framed clearly and unmistakably upon the theory that State government should co-exist with the general government, each sovereign and independent in their legitimate sphere of governmental action : that States should not interfere with the functions of the general government, and that the general government should not interfere with the functions of the respective States. If a statute of the United States is allowed to block the wheels of State government, the harmony and beauty of our system is destroyed, and the departments of State and national authority are so intermingled as to result in interminable confusion and uncertainty. If Congress can declare void the notice of appeal by which a cause is removed from one State court to another, unless a certain stamp is affixed thereto, it can upon the same principle, and to the same extent, interfere with every process and proceeding from the commencement of an action, to the satisfaction of the judgment, in every State court, from the highest to the lowest. It can lay hold of the executive and legislative departments of State machinery, and compel from them obedience to its power. It can make State laws and constitutions void unless duly stamped, and can compel governors, legislators and all State officers to place a badge of inferiority, in the shape of a United States Eevenue stamp, upon every official document which they are. called upon to issue. If it can make process void unless a fifty cent United States revenue stamp is affixed to it, it can make it void unless a two hundred dollar stamp is affixed, and *140 thus practically wipe out the entire jurisdiction of our inferior courts.- Is the possession of such authority on the part of Congress consistent, with the independent existence of State gov.ern_ ments, or the spirit of the Constitution, which clearly recognizes such independent existence ? If a proposition had- been made in the convention by which the Constitution was framed, to clothe the United States government with such authority over the institutions of the States, who believes that it would have been adopted ? Would the States have ratified such a proposition ? If not, the Constitution should not now be extended by' construction to embrace it. It would be unwarrantably adding to the Constitution,’ rather than construing it. It is equally for the interest of all that the division line of State and Uational power should remain as defined by the makers of the Constitution. The people are interested in the preservation of both State and national government; and it is the duty of those who are called upon to pass upon the validity of statutes to see to it that the one does not invade the domain of the other.
It would hardly be contended that a State could pass a law interfering in such a manner with the jurisdiction or proceedings of a United States court; but I cannot see why such a law would not be as valid as the one in question.
It has been with considerable hesitation that I have attempted to discuss the constitutional question involved in this case. I have held the question open for some time in the expectation that some one of the higher tribunals of our State would decide it. The question having been raised in this case, it is as much my duty to determine it, so far as this tribunal is concerned, as to determine any question that might be raised in regard to the construction of a law of the State. Judge Kent lays down the rule that “ the interpretation or construction' of the Constitution is as much a judicial act, and requires the exercise of the same legal discretion, as the interpretation or constniction of a law. To contend that the courts of justice must obey, the requisitions of an act of * the legislature when it appears to them to have been passed in violation of the Constitution, would be to contend that the law was superior to the Constitution", and that the judges had no right to look into it, the Constitution, and regard that as the paramount law.”
. The construction I have given to the act of Congress is not entirely without precedent. The Supreme Court of Indiana, in *141 the case of Warner v. Paul (reported 4 American Law Register, 157), in a well-considered opinion, held substantially the same doctrine, and in Watson v. Bryenth (29 How. Pr., 357), Justice Barnard held the same, although he did not discuss the question.
The appellant having complied with all the requirements of the Code in bringing his appeal, and as I am of the opinion that Congress had no authority to deprive the court of jurisdiction by declaring the notice of appeal void for the want of a stamp, the motion is therefore denied; hut the question is of such a nature that I think it should be denied without costs.
Order accordingly.

 Compare Powers v. Shepard, Ante, 129.