# NEW YORK SUPERIOR COURT.

## HALSTEAD agt. COCKROFT.

*Abatement — cause of action survives — parties.*

Where an action against two defendants, the cause of which survives, proceeds to interlocutory judgment against them, and one of the defendants dies, and it appears that he was not a necessary or even a proper party defendant, the action can proceed against the survivor, and the case can be relieved from embarrassment by applying to the court for leave to drop the deceased defendant out of the case.

*Special Term, April,* 1875.

MONELL, *C. J.* — The motion to dismiss the complaint in this case for the want of prosecution must be denied. By the death of the defendant Lomelino, the action has abated, and unless the cause of action has survived to his codefendant, the legal representatives of the deceased defendant must be brought in as parties.

I think it quite evident that Lomelino was not a necessary, even if he was a proper party. He was at most a debtor to the firm, and could have been called to account by the firm for the proceeds of the joint adventure, but not in this action, which was between the members of the firm for a settlement of the partnership concerns.

There would, therefore, be no objection to discontinuing the action as to him, had it not already proceeded to an interlocutory judgment against him.

But, perhaps, that is not an impediment, and it may yet be done on such terms as will be just.

From the facts it seems difficult, if not impossible, to revive

Halstead agt. Cockroft.

the action against the representatives of the deceased defendant; and as, I think, the action should be allowed to proceed against the survivor, who is the only necessary party, the case can be relieved from the embarrassment by applying to the court for leave to drop Lomelino out of the case.

That must be a separate motion. The relief cannot be granted on this application.

The denial of this motion is, however, without prejudice to its being renewed, if the plaintiff shall fail to forthwith move, at Special Term, for such order as he may obtain in the premises.