By the Court.-—Sedgwick, J.
On the argument, the respondent’s counsel argued that the complaint was properly dismissed, because it did not appear, that leave had been obtained to bring this action, and by section 153 of the Revised Statutes, vol. 2, p. 191, after a bill is filed for the foreclosure of a mortgage, “ no proceedings whatever shall be had at law, for the recovery of the debt secured by the mortgage or any part thereof, unless authorized by the court,” &c. It seems to me, best not to examine this question, because it is not specifically referred to in the pleadings, and was not upon the trial. If the obtaining of leave was part of the plaintiff’s cause of action, in a sense that called upon him to plead it and prove it,' then the action of the court below might properly be sustained on that ground; but as the objection is of a nature that a party would be able, upon due notice, to' ask *155 leave to amend, &c., it is best not to rest a determination of the merits upon it.
The plaintiff did not base his action, even if he had a right so to do, upon the liability at law of the defendant’s testator, upon his assumption of the mortgage. The obligor of the bond might, under proper circumstances, have called upon the plaintiff, to apply the value of the security, viz. : the land, to the payment of the bond, as far as it would go, before calling upon him to pay. The plaintiff, voluntarily did this in the action of foreclosure, and the defendants were properly parties, if for no other purpose, in order to bind them by an adjudication, which should, against them, fix what amount would remain due upon the bond and upon the assumption of the mortgage, after the proceeds of the land had been applied towards satisfaction. We advert to no other questions than those which the parties have made in this action. The plaintiff, therefore, proceeded, on the trial of this action, to show that there had been an adjudication in the foreclosure action; that the proceeds of the sale, after making the proper deductions, did not satisfy the debt, but left a deficiency. The* plaintiff was not entitled to recover in this action, if the record did not show that there was a deficiency.
It is plain, that the interlocutory judgment, did not adjudicate that there was a deficiency. It only provided, that the plaintiff should have execution for the amount of a deficiency, if there should be one. For the purpose of ascertaining this, it directed specifically what the referee, who was but a ministerial officer (People ex rel., Day v. Bergen, 53 N. Y. 404), should do with the proceeds of the sale; he was to deduct expenses, costs, taxes and assessments; then be was to pay the plaintiff, the amount found to be due to him, and report what surplus there was or what deficiency. In regard to these things, the action of the referee *156 being ministerial and not. judicial, it or his report thereon, could not have the binding force of an adjudication. It would have been passed upon judicially, if it had, according to the rules and practice, been confirmed by the court. Filing it, did not give it judicial sanction. The burden of proof is upon the plaintiff. By rule 39, the report does not become “absolute and stand as in all things confirmed” until notice of filing 1ms been given, and eight days have elapsed after the notice, without exceptions being filed. Evidently, the party against whose interest the report is, is not brought before the court and called upon to make exceptions, or be bound bjr an omission to make them, until he has received notice of filing. Therefore, at least, without deciding in this case what should be the further steps to be taken, if any, the party sustaining the report as an adjudication, should show that notice of filing had been given to the par.ty who has the right to except.
A reference to the practice before the present rules, will perhaps make this clear.
The chancellor held, that it was not necessary to wait until after the sale of the mortgaged premises before the contingent decree for the payment of such deficiency could be" made (McCarthy v. Graham, 8 Paige Ch. 480; De Agreda v. Mantel, 1 Abb. Pr. 135).
The form of the decree to be entered in such cases expressed with greater accuracy, than is used in the present judgment, the rights of the parties. It adjudged payment of the. deficiency, and authorized an execution to be issued for it, “if there should appear to be one, upon the coming in and confirmation of thé master’s report” (Sprague v. Jones, 9 Paige Ch. 397).
In the Bank of Rochester v. Emerson (10 Paige Ch. 115), the complainant,had foreclosed a mortgage made by the defendant, and had the usual decree over *157 against him for deficiency in case the proceeds of the lands should be insufficient. The bill in the case cited, was a creditor’s bill to obtain satisfaction of the deficiency, and after setting out the proceedings, and decree in foreclosure, further stated that the master reported, that there was a deficiency, &c., “as by the report duly confirmed, &c., would more fully appear,” and that execution had been issued and returned unsatisfied. The defendant pleaded in bar, that the report of the master as to the deficiency, had neither been filed nor confirmed, at the time the execution was issued. The question was whether this was a bar. The chancellor held that it was. He said it was not a case of a mere irregularity in the execution, which could not be examined in a collateral suit. He said, what is particularly in point here, that “the decree does not direct the mortgagor to pay the deficiency, when it shall be ascertained by the result of the sale, or when the master shall have made out, and signed his report. .Nor does the filing of the report of the master, stating the amount of the deficiency, entitle the complainant to demand the immediate payment of such deficiency, so as to authorize the issuing of an execution therefor. The decree is that the mortgagor or other defendant, who is personally liable for the mortgage debt, pay the amount of the deficiency reported due, upon the coming in and confirmation of the report of the master. Until the master’s report is confirmed as well as filed, therefore, the deficiency is not payable, under the decree,” &c.
In the present case, the judgment does not, in terms, call for the confirmation of the report, but by construction of the law, such is its meaning. The rule 39, applies itself to the judgment, and shows, that the judgment did not finally adjudge the payment of a deficiency reported by a report which was not final.
*158 By the former practice, and perhaps it should be held to be the practice now, this matter was made definite, by an ex parte order nisi, confirming the report, to become absolute eight days after notice of its entry and of the filing of the report. The present rule, however, provides only, by its words, for notice of filing, &c.
Finally, the report in the present case, is official only in those respects in which the referee obeyed the judgment. It was extra-official, and only personal, in those respects in which he acted without the direction of the judgment. By the words, he was directed to specify the amount of deficiency only, if the proceeds of the sale were insufficient, after he had made the particular deduction directed. He was not directed to allow the purchaser the amount of prior mortgages upon the land, nor even to ascertain if there were such. So far as the record shows, the purchaser’s right as to these alleged mortgages, was if the facts justified him, to refuse to complete the purchases. Therefore when the referee made a deduction greater than the amount reported as deficiency, which he was not authorized to make, it. in substance appears by the report itself, that the proceeds of the sale were not insufficient to pay the amount due to plaintiff, and there was no deficiency.
I am of opinion that the plaintiff’s exception should be overruled, and the defendant have judgment, upon the order dismissing the complaint, with costs.
Monell, Ch. J., concurred.