(20 App. Div. 523.)

### LEMON v. SMITH et al.

### SMITH v. SAME.

(Supreme Court, Appellate Division, Third Department.    September 28, 1897.)

ABATEMENT AND REVIVAL—DEATH OF PARTY—SUBSTITUTION.

Code Civ. Proc. § 759, provides that "in case of the death of one of two or more plaintiffs, or one of two or more defendants, if part only of the cause of action, or part of some two or more causes of action survives to or against the others, the action may proceed without bringing in the successor to the rights or liabilities of the deceased party, and the judgment shall not affect him or his interest in the subject of the action"; and section 765, that "this title does not authorize the entry of a judgment against a party who dies before the verdict, report, or decision is actually rendered against him. In that case, the verdict, report, or decision is absolutely void." Plaintiffs brought separate actions to set aside certain separate transfers of their several interests in the estate of a decedent to certain of the original defendants, on the ground of fraud. One S. was subsequently brought in, on his own motion, as a party defendant, and in his answer claimed like relief for like cause against the same defendants, on account of his separate contract with them. Pending a trial therein, to a referee, S. died, and the report of the referee was made without the substitution of the executor of S. as a party to such action. *Held,* that such referee's report was regular and valid as against plaintiffs, and as between them and the living defendants, but void as to the separate cause of action of the deceased defendant against those living.

Appeal from special term, Madison county.

Separate actions by J. Samuel Lemon, as administrator of the estate of Hope A. Lemon, deceased, and by Esther J. Smith, as administratrix of the estate of Richard O. Smith, deceased, against Adon Smith and others, to set aside certain transfers by their respective intestates of their several interests in the estate of one Sidney Smith, deceased, to defendants Adon Smith, Harlan P. Smith, and Jonah D. F. Smith, since deceased, on the ground that they had been obtained by fraud, in which actions one Samuel R. Smith was, on his own motion, joined as a party defendant, and in a cross answer claimed like relief, on similar grounds, against the three defendants above named. The causes were referred, and, pending the trial to the referee, defendant Samuel R. Smith died, which fact did not become known to the referee until after he had delivered his report. The referee having reported against the respective claims of plaintiffs and defendant Samuel

R. Smith, plaintiffs moved that such report, and also the order of reference, be vacated and set aside on the several grounds of surprise, irregularity, and fraud, to which motions the surviving defendants interposed the objection that the decision of the referee and all other proceedings subsequent to the death of the deceased defendant are void, except proceedings taken to make his executor a party defendant. From an order of the special term denying the motions to vacate, because of said preliminary objection, plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

S. D. White (A. C. Tennant, of counsel), for appellants.
S. M. Lindsley and Man & Man, for respondents.

LANDON, J. The motion of the plaintiffs to vacate, annul, and set aside the referee's report and decision, and also the order of reference, was denied by the special term, not upon the merits, but bcause of the preliminary objections made by the respondents. The principal objection, and the only one we need consider, was that inasmuch as one of the defendants, Samuel R. Smith, died before the referee delivered his report, his executor not having been substituted as a party in his place, the report and all proceedings in the action subsequent to his death, and before the substitution of the executor in his place, were void, and that, the executor of the deceased defendant having been substituted in his place, the trial of the action should proceed before the referee as if no report had been made. As the plaintiffs have not had their motion heard upon the merits, we proceed to examine the preliminary objection which has thus far defeated such hearing. In section 759 of the Code of Civil Procedure it is provided that:

"In case of the death of one of two or more plaintiffs or of one of two or more defendants, if part only of the cause of action, or part of some two or more distinct causes of action survives to or against the others, the action may proceed without bringing in the successor to the rights or liabilities of the deceased party, and the judgment shall not affect him or his interest in the subject of the action."

Section 765 provides that:

"This title does not authorize the entry of a judgment against a party who dies before the verdict, report, or decision is actually rendered against him. In that case, the verdict, report, or decision is absolutely void."

These actions were brought by the plaintiffs against three of the original defendants to set aside the transfers which the plaintiffs made to said defendants of their interest in the estate of the late Sidney Smith, the plaintiffs alleging that they were induced to make such transfers to said defendants by the fraudulent misrepresentations and concealments of the latter; and they asked that the defendants account and pay over to them the true amount of such interest. Samuel R. Smith was, upon his motion, subsequently brought in as a party defendant; and in his answer he claimed like relief for like cause, against the three defendants. He was a proper party to the action; it was convenient to try his cause of action against the three defendants at the same time the plaintiffs tried theirs; but it is plain that he was not a necessary party, because he made the transfer of his interest to the three defendants in pur-

suance of his separate contract with them, and, if he was defrauded, it was not a parcel of the same fraud of which the plaintiffs complain. The issues between the plaintiffs and the three defendants could be determined, and a proper judgment rendered, without the presence of Samuel R. Smith as a party. His alleged cause of action was like that of the plaintiffs, but not the same, nor in community with theirs. Theirs might have been good, and his bad. Therefore when he died his cause of action, which he separately asserted in his answer against the three defendants, was separately suspended; but the cause of action asserted by the plaintiffs against the same defendants, and their right and capacity to prosecute it, were in no way affected, suspended, or abated by his death. And hence, under section 759, the action in favor of the plaintiffs against the three defendants might proceed without bringing in the successor to the rights or liabilities of the deceased party, and the referee's report thereupon was valid as between the plaintiffs and the three defendants, although it could in no wise affect the deceased party, or his interests in the subject of the action. Section 765 declares that this title does not authorize the entry of the judgment against a party who dies before a verdict, report, or decision is actually rendered against him. In that case the verdict, report, or decision is absolutely void. Void as to whom? Clearly, as to the party who is dead, and as to the parties whose interests would be affected by the determination of the dead man's rights or obligations. The dead man has ceased to exist, and any determination respecting him, his duties or obligations, is as much of a nonentity as he is, and therefore is void; but the report, determination, or judgment between the living persons, if susceptible of being made entirely apart from any rights, obligations, acts, or interests of the deceased, and actually so made, should no more be affected by his decease than by any immaterial event. To such effect, we think, are the authorities. Leggett v. Dubois, 2 Paige, 213; Lachaise v. Libby, 13 Abb. Prac. 6; Halstead v. Cockroft, 49 How. Prac. 342; Hancock v. Hancock, 22 N. Y. 568; De Agreda v. Mantel, 1 Abb. Prac. 137; Lyon v. Park, 111 N. Y. 356, 18 N. E. 863; Webster v. Trust Co., 145 N. Y. 275, 39 N. E. 964. The report of the referee, as made after the death of Samuel R. Smith, was regular and valid as against the plaintiffs, and as between them and the living defendants, but was void as to the separate cause of action of Samuel R. Smith against the three defendants.

The learned judge at special term therefore erred in denying the plaintiff's motion because of the preliminary objection. The order must be reversed, with $10 costs and disbursements, and the motion remitted to the special term, with instructions to hear and determine the same upon the merits. Anderson v. Sherwood, 9 N. Y. St. Rep. 636. All concur.