### FRENCH v. FRENCH et al.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

MORTGAGE FORECLOSURE—DEFICIENCY—JUDGMENT—TIME OF LIEN.

Under Code Civ. Proc. § 1627, providing that the final judgment in an action to foreclose a mortgage may award payment by a person liable for the debt secured of the debt remaining unsatisfied after a sale of the mortgaged property, and the application of the proceeds; section 1246, providing as one of the essentials in docketing a judgment the entry of "the sum recovered or directed to be paid, in figures;" and section 1250, providing that a judgment till docketed shall not affect real estate—a judgment for deficiency is not a lien on real estate till the report fixing the amount of the deficiency is filed.

. McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Oneida County.

Action for partition by Benjamin R. French against Elizabeth French and others. From part of the judgment directing a distribution of the proceeds of the sale in partition, defendants George C. Helfert and another appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

H. C. Sholes, for appellants.
John D. Collins, for respondents.

SPRING, J. The action is partition. On October 2, 1902, and prior thereto, one James G. French owned an undivided one-ninth of the premises in suit, and on that day conveyed them to the respondents, and the deed was recorded on the following day. A judgment of foreclosure and sale upon other lands of French was entered August 7, 1902, and the judgment adjudged that the "sheriff specify the amount of such deficiency in his report of sale, and that the plaintiffs have execution therefor, and that the defendant James G. French pay the same to plaintiff." The sale pursuant to the judgment occurred September 4, 1902, and the report of sale, which showed a deficiency of $851.03, for which French was liable, was confirmed October 4th, and the order of confirmation was entered in the clerk's office October 6th—two days after the record of

the conveyance of the premises in suit. The appellants contend that the judgment became a lien upon all the real estate of French at the time of the entry of the foreclosure judgment, and not at the time of the confirmation of the report ascertaining and determining the amount of the deficiency.

The complaint in a foreclosure action does not ask for a judgment primarily for a sum of money against the defendant who is sought to be made chargeable personally for deficiency. The purpose of the action is to foreclose the mortgage, and incidentally and contingently, possibly, to obtain a personal judgment against one or more of the defendants for whatever may remain unpaid after the sale. That relief, however, is dependent entirely upon whether the land sold nets sufficient to meet the judgment. So far as I can discover, there is no practice whereby a personal judgment for the full sum unpaid on the mortgage, including costs, is docketed against the defendant personally liable for the deficiency. Such a practice would be contrary to the relief asked for and to the scope of the foreclosure action. While the foreclosure judgment is final, in that it determines absolutely the rights of the parties, it does not assume to determine the amount for which the defendant is liable, or that he is liable for any sum. Section 1627 of the Code of Civil Pocedure provides:

"The final judgment may award payment by him of the residue of the debt remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the direction contained therein."

This clearly implies, and it could not be otherwise, that personal liability does not become fixed at all unless there is "a residue remaining unsatisfied," and which can only be ascertained "after a sale and the application of the proceeds" as directed in the judgment.

Section 1246 of the Code of Civil Procedure prescribes the essentials to the docket of a judgment, one of which is (subdivision 3) "the sum recovered or directed to be paid, in figures," and no real estate is affected until the judgment has been docketed. Code Civ. Proc. § 1250. A judgment for a sum of money is for a certain sum, and when an execution issues it is for a definite amount. Certainty and precision in the amount of the judgment are necessary to determine the extent of the lien, both for the protection of the parties directly concerned and for every other person who may be indirectly interested. The holder of a mortgage in a case where the mortgagor is liable personally for the payment of the mortgage debt has two remedies at his election: he may foreclose the mortgage and sell the mortgaged premises, or obtain a money judgment against the one liable. He cannot prosecute the two actions concurrently. Code Civ. Proc. § 1628. He may, however, in order to avoid another action, recover ultimately for any deficiency there may be, as a foreclosure action contemplates a sale of the premises; but the judgment for money does not arise until the remedy he has elected to pursue becomes exhausted. If judgment were docketed for the full sum as a personal judgment against any defendant liable for its payment, the judgment creditor possibly might at once aban-

don the foreclosure action with its judgment of sale, and issue an execution on the money judgment. The restriction of section 1628 is as to the commencement of another action during the pendency of the foreclosure, not as to the pursuit of a remedy in that pending action.

The two crucial propositions I believe are well established against the contention of the appellants:

First. That the judgment for deficiency did not become a lien until the amount for which French was liable had been ascertained. Wiltse on Mortgage Foreclosure, pp. 741, 742; Cobee v. Thornton, 8 How. Prac. 66; Hanover Fire Ins. Co. v. Tomlinson, 3 Hun, 630; Degreda v. Mantel, 1 Abb. Prac. 130. The rule is thus stated in Wiltse, at page 742:

"A personal decree for the deficiency after the application of the proceeds of sale to pay the mortgage debt does not have the force and effect of a judgment at law, and become a lien upon the real property of the person against whom it is taken, until the excess of the mortgage debt over the proceeds of the sale has been ascertained, and a subsequent judgment at law has been docketed."

Second. The deficiency is not payable until the judgment lien is created, and no execution will issue thereupon until the filing of the report of sale fixing the sum for which the judgment debtor is liable personally. Bank of Rochester v. Emerson, 10 Paige, 115; Kupfer v. Frank, 30 Hun, 743; Springsteene v. Gillett, 30 Hun, 260–264; Thomas on Mortgages (2d Ed.) p. 536. Of course, unless the judgment was a lien subject to an execution, it was not prior to the conveyance by French to the appellants.

There is no specific provision of the Code of Civil Procedure requiring the docket of the judgment in an action for the foreclosure of a mortgage. Section 1626 is authority for the direction of sale of the mortgaged premises in the final judgment, which is its chief purpose. By section 1627, as already indicated, the final judgment may award payment of the residue by one liable for the payment of the debt, but there can be no docket "in figures" of such residue until ascertained. The only basis for holding that the docket must be upon the rendition of the judgment of sale is that the judgment is final. The docketing of a judgment and the lien created thereby are provided for in article 3, tit. 1, of chapter 11 of the Code of Civil Procedure, and that article is applicable only in a case of a money judgment (section 1272). The only direction for the manner in which a judgment is to be docketed is section 1246, and that provides for a certain sum in order to establish a lien. The docket entry is not the judgment. Its purpose is to create the lien, and is preliminary to the issuance of an execution.

The judgment of sale in an action of foreclosure is final, in that it determines the rights of all the parties and adjudges a sale of the mortgaged premises. The form of the judgment, however, forecasts something else to be done. If there is a deficiency, and a defendant is liable therefor, the fact of his liability has been determined, but the amount with which he is to be charged is postponed to another day, awaiting another event—the sale of the premises. When the report of sale has been duly filed, the clerical docketing of the judg-

ment is to be entered pursuant to section 1246.   It then for the first time becomes a money judgment, and consequently a lien upon the real estate of the judgment debtor.   This mode of procedure is orderly, and conforms to the practice long in vogue (Hawley v. Whalen, 64 Hun, 550, 19 N. Y. Supp. 521), and is in harmony with the general scheme of the foreclosure practice in the light of the provisions as to the docketing of judgments for the payment of money.

We are not concerned with the question whether application to the court for confirmation of the referee's report of sale is necessary.   The report was not filed until after the order of the Special Term confirming the same was granted.   The mode of procedure adopted was to present the report of sale to the Special Term to procure the order confirming the same, and then all the motion papers with the order were filed in the county clerk's office October 6th, two days after the recording of the deed.   If the order was unnecessary, the judgment would not become operative in any event as a lien until the report ascertaining the amount of the judgment still unpaid was filed.   There must be something in the clerk's office to fix the precise sum and to enable the clerk to make his docket entry.   There is no suggestion, even, that there was at the time of the entry of the judgment of foreclosure an actual docketing of the money judgment for any sum in "figures" against French, and, if the plaintiff's position is tenable, there must be a judgment in form, at least, for a definite amount against the judgment debtor. However, I do not believe the judgment becomes operative as a money judgment, or is a lien upon other real estate of the judgment debtor, until the deficiency has been ascertained, and the docketing should then be made.   The judgment should be affirmed, with costs.

Judgment affirmed, with costs.   All concur, except WILLIAMS, J., who dissents in an opinion in which McLENNAN, P. J., concurs.

WILLIAMS, J. (dissenting).   The judgment so far as appealed from should be amended in accordance with this opinion, with costs of this appeal to the appellants.

The questions involved in this appeal relate to the alleged lien of a judgment upon a share of the proceeds of a sale of real property. The facts as found by the referee relating to this issue are as follows:   James G. French, prior to October 2, 1902, was the owner in fee of one-ninth of the premises sold.   On that day he conveyed such interest to his wife, Elizabeth, and Elizabeth F. Smith, the respondents.   The deed was recorded October 3, 1902.   George C. and John A. Helfert, the appellants herein, held a mortgage made by James G. French upon property other than that conveyed to respondents by him.   An action to foreclose that mortgage was commenced, and resulted in the usual foreclosure judgment docketed August 7, 1902, wherein, among other things, it was adjudged that the "sheriff specify the amount of such deficiency in his report of sale, and that the plaintiffs have execution therefor, and that the defendant James G. French pay the same to plaintiff."   The sale was made by the sheriff September 4, 1902, and the sheriff made his report thereof, wherein he stated, among other things, "And I here-

by further certify and report that after such sale herein the deficiency is $851.03, with interest from September 4, 1902." This report was, on notice, confirmed at Special Term, October 4, 1902, and the papers were filed and the order entered October 6, 1902. The language of the order was:

"Ordered and adjudged that said report of sale be, and hereby is, confirmed; that the plaintiffs, George C. Helfert and John A. Helfert, have judgment against the defendant James G. French for the sum of $851.03, with interest thereon from September 4, 1902, the amount of the deficiency specified in said report, and have execution therefor."

It will be observed that after the making of the report of sale as to the amount of the deficiency, and two days before its confirmation, the deed was given by James G. French to his wife and Mrs. Smith, and the question is whether by such conveyance the lien for the deficiency was avoided, or whether such lien had attached, and the deed was subject thereto. The referee and the trial court held the lien was avoided, did not attach, and that the respondents were entitled to the whole proceeds of the one-ninth of the property, and the appellants were not entitled to be paid the amount of their deficiency. There has grown up a practice of entering a deficiency judgment after the report of sale specifying the deficiency in mortgage cases, and the order confirming the report of sale here provided for such a judgment. The statute, however, provides for no such judgment. Section 1627, subd. 1, reads as follows:

"Any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action: and if he has appeared, or has been personally served with the summons, the final judgment may award payment by him of the residue of the debt, remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds pursuant to the directions contained therein."

There is but one judgment provided for in foreclosure cases, and that is the final judgment, and that must award payment of the deficiency. Morris v. Morange, 38 N. Y. 172; Wager v. Link, 134 N. Y. 122, 128, 31 N. E. 213. There is no authority for the entry of any subsequent so-called deficiency judgment. The report of sale and confirmation thereof merely established the amount of the deficiency. The judgment awarding it is the judgment which directs the sale, the application of the proceeds thereof, and the ascertainment of the amount of the deficiency. The only difficulty in holding the judgment a lien upon the property in question as of the date of its entry, August 7, 1902, which was long before the deed was given on October 2, 1902, grows out of the provisions of the Code of Civil Procedure, viz.: Section 1272, provides that the article in which it was found (article 3, tit. 1, c. 11) "applies only to a judgment, wholly or partly for a sum of money, or directing the payment of a sum of money." There can be no doubt but that the foreclosure judgment is covered by this provision. So far as it awards payment of the deficiency by a defendant, it is a judgment for a sum of money, and directs the payment of a sum of money. The amount is not specified in figures, but section 1272 does not require a specific amount to be named. Section 1246, which is found in ar-

ticle 3, above referred to, provides that the clerk must, when he files a judgment roll, docket the judgment by entering in the docket book, among other particulars, "the sum recovered or directed to be paid in figures." Section 1250 provides that a judgment required "to be docketed as prescribed in this article, neither affects real property nor chattels real, nor is entitled to a preference, until the judgment roll is filed and the judgment docketed." Under these provisions of the statute, if a lien is ever acquired by virtue of a judgment for deficiency in a mortgage foreclosure action, it must be under the judgment wherein the sale is directed, and by virtue of the docketing of such judgment. A lien can only be acquired by virtue of the docketing of some judgment, and no judgment can be legally docketed after the sale and the report thereof. The effect of the foreclosure judgment is that the defendant who is liable for deficiency is liable for the whole amount of the mortgage debt and costs, less such amount as shall be realized from a sale of the mortgaged property. This may be a large or a small amount or nothing at all. The docket should show the whole amount in figures, with the statement that the defendant specified is liable for the deficiency. The lien will then be for the whole amount until it is reduced by the application of the proceeds of the sale. Then, on the confirmation of the report of sale, the clerk can enter the precise amount of the deficiency upon the docket, and thereafter that amount will be the extent of the lien. This procedure would protect all parties, and would insure the owner of the mortgage debt a lien under his judgment in foreclosure, to which he is certainly entitled. The defendant would not be seriously discommoded, because the time between the entry of the judgment and the sale and confirmation of the report thereof would not be long. It would be a monstrous proposition that no lien whatever could be acquired, and that the debtor could dispose of his real estate, as he has done here, and avoid any lien for his debt. I conclude that the judgment in question was a lien from the date of its entry for the amount of the deficiency specified, and that the appellants are entitled to the payment thereof from the proceeds of the sale of the one-ninth of the property in partition before payment of such proceeds to the respondents.

The judgment should be amended accordingly, with costs of this appeal to appellants. Judgment for $30 costs should be reversed.

McLENNAN, P. J., concurs.