Jambs D. Hopkins, J.
The plaintiff in an action to foreclose a mortgage moves for summary judgment. After the service of the motion, the defendants Friedman served an amended answer as of right. That answer raised the defense that the plaintiff prior to the institution of the action entered judgment against the defendants for the debt secured by the mortgage, and that execution has not been issued, or returned wholly or partly unsatisfied. The answer further raised the defense and counterclaim of usury, alleging that the mortgage was given to secure a sum of money advanced by the plaintiff to the defendants, and that the plaintiff exacted an illegal rate of interest for the loan.
From the papers submitted on the motion it appears to be the plaintiff’s contention that simultaneously with the making of a loan to a corporation in which the defendants were interested, the corporation made, and the defendants indorsed, a promissory note, and the defendants executed the mortgage under foreclosure to secure their indorsements, as well as a confession of judgment. The promissory note and the confession of judgment are not made part of the papers.
Section 1077 of the Civil Practice Act provides that a mortgage foreclosure action shall not be commenced unless an execution against the property of the defendant has been issued and returned unsatisfied, where a final judgment has been rendered for the plaintiff in an action to recover any part of the mortgage debt. This provision is an embodiment of the equitable principle that a remedy at law, once resorted to, must be exhausted before a remedy at equity is permitted (cf. White v. Wielandt, 259 App. Div. 676, 681, affd. 286 N. Y. 609; Dudley v. Congregation of the Third Order of St. Francis, 138 N. Y. 451, 459).
Section 544 of the Civil Practice Act provides that a confession of judgment may be enforced, upon entry, with the same effect as a judgment in an action; section 542 of the Civil Practice Act provides that a confession of judgment is not a bar to an action against all the joint debtors on the same demand.
In the face of these provisions of law, the court cannot determine the validity of the defense of the undenied absence of the issuance and return of execution unsatisfied without the instrument evincing the debt or the confession of judgment allegedly entered. The facts are unclear whether the defendants were primary debtors, or secondary debtors, liable only if the corporation did not pay the debt. The duty lies on the party seeking summary judgment to set forth such evidentiary facts as shall establish his cause of action and entitle him to judgment *980 (O’Connor-Sullivan v. Otto, 283 App. Div. 269; Divan v. Massarene, 199 App. Div. 872; La Salle Extension Univ. v. Mandel, 27 N. Y. S. 2d 625). The motion is denied, with leave to the plaintiff, if so advised, to renew on proper papers.