Harold Tessler, J.
This is an action to foreclose a first mortgage on certain premises owned by the defendant Vista Realty Corp. The mortgage was executed by that defendant to secure the payment of a promissory note executed by the defendants Vista Realty Corp., Max Abrams and Gertrude Abrams. The *133 plaintiff now moves to strike out the notice of special appearance of the defendant Max Abrams, to declare said defendant to be in default in appearing, to strike the answers of the defendants Vista Realty Corp. and Gertrude Abrams as sham and frivolous, and for summary judgment or for judgment on the pleadings.
That branch of the motion as is directed against the defendant Max Abrams has been discontinued and is accordingly denied as moot.
The answer of the defendants Vista Realty Corp. and Gertrude Abrams admits all of the material allegations of the complaint but interposes an affirmative defense that an action was previously brought by the mortgagee to recover upon the same promissory note set forth in the complaint and that judgment was given in the said action in favor of the mortgagee. The defendants claim that the present action is barred by res judicata.
In the opinion of the court, this defense is insufficient inasmuch as the defendants do not deny paragraph 21 of the complaint wherein it is alleged that no part of the aforesaid judgment has been collected, that execution upon the property of the defendants has been duly issued to the Sheriff of Queens County wherein the said defendants reside, and that the said execution has been returned wholly unsatisfied. Section 1077 of the Civil Practice Act provides that where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage unless an execution against the property has been issued upon the judgment by the Sheriff of the county in which he resides and has been returned wholly or partly unsatisfied. Since the defendants admit that such an execution has been issued and has been returned unsatisfied, the affirmative defense is without merit. Accordingly, the answer of the defendants fails to deny any of the material facts of the complaint.
Rule 257 of the Rules of Civil Practice provides that in an action to foreclose a mortgage when no answer is put in by the defendant denying any of the material facts of the complaint, the plaintiff may apply for judgment at Special Term on due notice to such of the defendants as have appeared in the action and without putting the cause on the calendar.
The motion is granted and the matter is referred to a Referee to compute the amount due to the plaintiff and to such of the defendants as are prior incumbrancers of the mortgaged premises and to examine and report whether the mortgaged premises can be sold in parcels.