Paul J. Widlitz, J.
Plaintiff moves for a writ of assistance seeking possession of premises purchased by her deceased husband at a foreclosure sale held pursuant to a judgment of foreclosure and sale. The defendants Tirino, who appear in opposition to this application, def aulted in the foreclosure action and now for the first time appear to contest this application. They now belatedly contend that they were not served with the summons and complaint in the foreclosure action and they' further allege that even should this court find that they were originally served, their default should be opened by reason of the plaintiff’s failure to serve a subsequent amended complaint upon them after the commencement of the action.
Since a hearing was necessary on the traverse, the motion was referred to Special Term, Part II, by order dated February 21, 1969 for all purposes. Accordingly, the traverse hearing was held on March 27, 1969, and the attorneys argued orally the alternative branch of the motion.
It is the finding of this court that the defendants August and Theresa Tirino were personally served with the process herein on March 25, 1968 and were sufficiently apprised of the proceeding instituted against them to satisfy the constitutional requirements of due process and the traverse is denied.
The second branch of defendants’ motion to vacate the judgment and permit them to appear and answer is based on their contention that the complaint was amended without a copy of *632 the amended complaint being served upon them (CPLR 3012, subd. [a]; CPLR 2103, subd. [e]), which is conceded and the records so confirm.
CPLR 3012 (subd. [a]) requires that subsequent pleadings, which seek to assert new .or additional claims of relief, must be personally served on a defaulting party where the amended pleading changes the relief originally sought or adds causes of action. Any other rule would violate the concept of due process (Cassidy v. Boyland, 3 N. Y. S. 258). Similar situations are those that arise under CPLR 308 (.subd. [4]) where the Court of Appeals has held that the defendant must be given a reasonable form of notice likely to make him aware of the proceeding commenced against him (see, e.g., Dobkin v. Chapman, 21 N Y 2d 490).
The use of hackneyed phrases in order to fit a party’s plight within the ambit of a particular rule of law becomes mere logomachy. So that this matter will not become .a matter of polemics, a close look at the complaint .served on the defendants Tirino and the amended complaint must be made. Both the original complaint and the amended complaint named some 14 defendants, among them the United States of America. In ■the original complaint, plaintiff failed to comply with the requirements of the United States Code (U. S. Code, tit. 28, § 2410) which permits the United States to be made a party defendant in a foreclosure action where the plaintiff in his complaint sets forth with particularity the nature of the interest or lien of the United States. Plaintiff’s original complaint failed to plead that the United States was joined as a party defendant by .reason of Federal tax liens recorded against the defendants Tirino.
The moving papers disclose that the United States Attorney for the Eastern District of New York sent plaintiff’s .attorney a form letter acknowledging service of the complaint and advising plaintiff’s attorney of the deficiency in his pleading. He further advised that said deficiency could be cured by a .stipulation between the plaintiff and the United States, and, if not cured, he would move to .dismiss the complaint .as against the United States. Plaintiff’s attorney chose to prepare an amended complaint and served it upon the United States Attorney. This amended complaint contained an added paragraph fourteenth setting forth United States tax liens .against defendants Tirino for income taxes due for .the years 1961 and 1964 and withholding taxes due for 1963, 1964 and 1966. There were no other changes or additions in the body of the complaint or in the ad damnum clause.
*633 The addition of paragraph fourteenth in the amended complaint was not a ¡new or additional claim for relief against the defendants Tirino. The amendment of the pleadings neither increased the liability of the defendants nor .sought additional relief against them or any other party. Their liability remained unchanged. To hold otherwise would be “to lay emphasis upon differences of form where there is no difference in effect ’ ’ (Matter of Horner, 237 N. Y. 489, 496). The .statutory provisions with respect to the commencement of ian action were intended for the protection of the rights of the Tirino,s, but, when it is evident that the amendment of the complaint was pursued merely to technically correct a complaint with respect to one of the defendants, there can be no denial of rights but rather a furtherance of justice (Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 408; Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122, 135, 138; cf. Stock v. Mann, 255 N. Y. 100). It is the opinion of this court that the .service of the amended complaint by the plaintiff upon the United States of America was .not required to be served upon the defendants Tirino. Several other specious points are raised in opposition to this motion for a writ of assistance and in support of defendants’ application to vacate the default which .should be commented upon. Whether or not jurisdiction over the United States was obtained, defendants’ liability for the tax liens was neither diminished nor expanded. Personal liability of defendants for United States Internal Revenue Tax Liens cannot be cut off by a foreclosure sale, as defendants would ¡suggest (Buffalo Sav. Bank v. Victory, 11 N Y 2d 31, revd. sub. nom United States v. Buffalo Sav. Bank, 371 U. S. 228). Similarly, the claim of defendants that the judgment obtained by plaintiff was for a greater amount than demanded in the complaint does not void the sale herein. The plaintiff was the purchaser at the sale and no deficiency judgment has been applied for by the plaintiff, nor is plaintiff entitled to one (Real Property Actions and Proceedings Law, § 1371, subd. 3; Clapp v. McCabe, 155 N. Y. 525, 533, 534).
Lastly, defendants urge a bona fide defense to the mortgage foreclosure, i.e., that the mortgage was not intended to be a mortgage. Defendants admit its execution. They admit receiving loans from plaintiff, agreeing to repay them, and admit no repayment. They admit knowing that plaintiff paid over $5,000 to the holder of the first mortgage to prevent a foreclosure of the first mortgage. The defendant August Tirino had knowledge of the foreclosure proceedings as far back as July, 1968, and he does not deny that he was aware of the *634 Referee’s deed which was 'shown to him .on July 27, 1968 and again on August 1, 1968. It was not until this application for a writ of assistance was instituted by notice of motion dated August 13,1968, that he took any affirmative action. The statements of the defendant August Tirino are too incredible to be worthy of belief.
Accordingly, plaintiff’s motion for a writ of assistance is granted and defendants ’ cross motion is denied. ,