Joseph A. Suozzi, J.
In this action to foreclose a second mortgage for $50,000, the Appellate Division reversed an order denying defendants’ motion to vacate a default judgment and remanded it for a hearing and determination of “ whether the court had jurisdiction to entertain this foreclosure action in the first instance under section 1301 of the Real Property Actions and Proceedings Law.” (34 A D 2d 658, 659.) The pertinent part of this section provides as follows: “ 1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state * * *; and has been returned wholly or partly unsatisfied. ’ ’
Prior to the commencement of the action, to wit, on January 17, 1968, a money judgment by confession was entered against the defendant-mortgagor August Tirino in favor of the decedent for $11,000. The defendants contend that the $11,000 for which the judgment by confession was obtained was the same $11,000 listed in the collateral bond executed with the bond and the mortgage which is the basis of this foreclosure action, and that without the return of execution unsatisfied in whole or in part as to the judgment by confession, the instant foreclosure action cannot be maintained.
At the hearing had before this court without a jury, the defendant August Tirino testified, as did the decedent’s attorney Lucien Nemser, who had prepared the instruments from which the controversy arises, and the mortgage note, mortgage and collateral bond, among other documents, were offered in evidence.
*195 The defendant August Tirino testified that he executed the various documents at the request of the decedent, who was his attorney and upon whom he relied implicitly, and that the documents were intended solely to assuage various relatives of the decedent who had lent the decedent various amounts of money, and were not intended for the purpose which appeared on the face thereof. The decedent’s attorney denied, even in the face of a recording made by the defendants ’ attorney of a telephone conversation between them, that the $11,000 for which judgment was confessed was the same $11,000 listed in Schedule A of the collateral bond.
The court has given no consideration whatsoever to the tape recording which the attorney for the defendants Tirino admittedly made of a telephone conversation between himself and the decedent’s attorney as to the identity of the $11,000. This court has neither the facilities nor the disposition to determine whether this recording was in fact an actual reproduction of the alleged conversation, or whether it may possibly have been edited. Since the court has already stated his views on the record as to the conduct of the defendants’ attorney in recording this conversation without notice to the other attorney that he was doing so, no useful purpose would now be served by reiterating them here.
From the language of the collateral bond, it would appear that the schedules annexed thereto were intended to encompass all of the open financial transactions in which the parties had participated before its execution, both as between themselves and Navone Auto Sales, Inc., in which both had an interest. The contention that the $11,000 in the collateral bond included $10,000 advanced in 1959 in connection with the defendant August Tirino ’s purchase of a home is at odds with the fact that title to the house was closed in 1961, as disclosed by the deed offered in evidence. This contention is further weakened by the absence of any explanation as to what the additional $1,000 was for and when it was advanced, and any documentary proof of the alleged advance of $10,000 in 1959 and of the additional $1,000 which made up the $11,000 item. The failure of the decedent to obtain a note or other evidence of these alleged advances is inconsistent with the decedent’s insistence upon a demand note from both the defendant August Tirino and his wife in connection with the $10,000 loan from Chemical Bank Trust Company for which he deposited collateral with the bank as security, and the additional $1,000 the decedent advanced at the time.
After having observed and heard the witnesses and examined the various documents at issue, and having considered (1) the timing of defendants’ closing of title to their home; (2) the *196 demand note executed by the defendants in favor of the decedent even though $10,000 had been advanced directly to Tirino by the Chemical Bank; (3) the absence of any note to evidence the $10,000 allegedly advanced in 1959; (4) the lack of any explanation as to when or for what purpose the additional $1,000 was advanced or loaned; and (5) the fact that these documents were prepared by the decedent’s attorney, the court finds that the $11,000 for which the judgment was confessed is the same as the $11,000 item listed in Schedule A.
From this finding it does not follow, however, on the facts presented here, that the $11,000 involved in the prior judgment was necessarily a part of the $50,000 secured by the mortgage. If the total amount of the indebtedness evidenced by other instruments were the same figure as the $50,000 mentioned in the mortgage, there would be no doubt .that the $11,000 judgment would have to be considered as a recovery of part of that indebtedness, and that until the execution on that judgment had been returned unsatisfied, the mortgage could not be foreclosed. However, that is not the case here.
Apart from any issue as to the validity or legality of all or any part of the indebtedness listed in the collateral bond, the total indebtedness listed in that bond exceeded the $50,000 secured by the mortgage by an amount in excess of $11,000. This is apparent on the face of that bond. It is further apparent from the statement in the mortgage itself that only ‘ ‘ part of the mortgage is intended as collateral for the indebtedness mentioned in the collateral bond ’ ’.
The fact that the mortgage was in the amount of $50,000 limited the decedent to a recovery by foreclosure of not more than that amount. However, he was not precluded from recovering any amount in excess of $50,000, either before or after the foreclosure action was instituted, by separate actions at law. On the facts presented here, even after the recovery of the $11,000 judgment there still remained $50,000 more that could be recovered by the foreclosure of the mortgage.
The purpose of section 1301 (subd. 1) and its predecessors was to avoid multiple litigation to recover the same debt, and to confine the proceedings to collect the mortgage debt to one court and one action (Irving Trust Co. v. Seltzer, 265 App. Div. 696 [1943] ; White v. Wielandt, 259 App. Div. 676, amd. 260 App. Div. 871 [1940], affd. 286 N. Y. 609). In this court’s opinion, the purpose of this statute has not been circumvented by the commencement of the foreclosure action after the confession of judgment for the $11,000 had been obtained, without a return of an unsatisfied execution, and the course of action followed by the decedent *197 herein violated neither the letter nor the intention of this statute.
Accordingly, it is the finding and determination of this court that section 1301 (subd. 1) of the Real Property Actions and Proceedings Law did not bar the foreclosure action herein; that the court had jurisdiction to entertain that action; and that the defendants’ motion to vacate the foreclosure judgment in reliance on section 1301 (subd. 1) must be denied.
So that there will be no misunderstanding, it must be made clear that this court has not now determined the validity or legality of the underlying indebtedness secured by the mortgage, or of the $11,000 item. These issues are not before this court on this motion. The court must observe, however, that whatever defenses the defendants may have had as to the validity of the debts listed in the collateral bond could have been asserted as to the $11,000 item by refusing to confess judgment, and as to any other part of the indebtedness up to $50,000 by appearing in and defending the foreclosure action.
The court is mindful that by the determination made herein, the defendants may forever be precluded from asserting such defenses as they now claim to have with respect to the mortgage. However, the defendants ’ dilemma has been self-created by their default in appearing in and defending the foreclosure action and by their delaying the assertion of any defenses until after the foreclosure judgment had been entered and the foreclosure sale had. (See Griffo v. Swartz, 61 Misc 2d 504 [1969].)
It must also be noted that this motion reaches this court after a prior motion made by the defendants to vacate the default judgment on the ground that they had not been served either with the summons and complaint or the amended complaint in the foreclosure action. That motion was denied after a hearing before a Justice of this court, who found in a memorandum decision dated May 7,1969 (59 Misc 2d 630, 631, affd. 34 A D 2d 737), that the defendants ‘ ‘ were personally served with the process herein on March 25, 1968 and were sufficiently apprised of the proceeding instituted against them to satisfy the constitutional requirements of due process ’ ’. The order of May 22,1969, denying this prior motion has, in the meantime, been affirmed on appeal by the Appellate Division.