Edward S. Conway, J.
This is a motion by Bankers Trust Company, the defendant in the first above-captioned action and the plaintiff in the second above-captioned action, for an order: (1) dismissing the complaint in the first action, the foreclosure action of Citibank (Mid-Hudson), N. A. (hereinafter referred to as Citibank), for failure to set forth in its complaint the fact that the second above-captioned action is presently pending in this court, as is required under section 1301 of the Real Property Actions and Proceedings Law; or, in the alternative, for an order (2) staying the above-captioned foreclosure action and consolidating it with the second action pursuant to CPLR 602.
The facts on which the instant motion is predicated are as follows. A first mortgage was given by defendant BMG Property Corp. to plaintiff Citibank’s assignor, First National City Bank, covering certain premises in the Town of Lloyd, County of Ulster and State of New York on October 11, 1972, as collateral security for payment of a note in the sum of $165,000 executed by BMG Property Corp. The said mortgage was recorded October 19,1972.
Defendant Marina Estates, Inc. became the owner of record of the subject property by virtue of a deed dated September 13, 1973 and recorded the same day in the Ulster County Clerk’s office.
The mortgage referred to above was assigned by First National City Bank to Citibank, plaintiff in the first above-captioned action (foreclosure action) by an assignment recorded in the Ulster County Clerk’s office on November 5, 1973.
Plaintiff Citibank entered into an extension agreement with Marina Estates, Inc. on October 30, 1973 extending and modifying the terms of the mortgage indebtedness which was recorded November 5, 1973 in the Ulster County Clerk’s office and defendant William M. Boland, Jr. executed his guarantee to plaintiff Citibank in connection with Citibank extending the *374 terms of the mortgage indebtedness. Boland is the sole stockholder of all shares of Marina Estates, Inc.
Marina Estates, Inc. then conveyed the subject premises to defendant Robert C. Rohdie by a deed recorded in the Ulster County Clerk’s office on June 5, 1974.
Defendant Marina Estates, Inc., on April 24, 1974, executed a promissory note to defendant Bankers Trust Company in the sum of $100,000 which was personally guaranteed by William M. Boland, Jr. In April or May of 1974, defendant Robert C. Rohdie guaranteed a loan, in the amount of $50,000, made by defendant William M. Boland, Jr. from Anthony Wayne Bank of Wayne, New Jersey and the above-mentioned deed recorded on June 5, 1974 given by Marina Estates, Inc. to Rohdie allegedly was to secure his contingent liability relating to said loan, but with the understanding that the deed was not to be recorded.
The indebtedness of Marina Estates, Inc. and William M. Boland, Jr. to Bankers Trust Company was not paid and Bankers Trust Company recovered judgments against Marina Estates, Inc. in the amount of $106,566.76 on July 23, 1974. On July 30, 1974 Bankers Trust Company obtained judgments against William M. Boland, Jr. in the same amount. Transcripts of these judgments were filed in Ulster County on August 27,1974.
On November 21, 1974, Bankers Trust Company commenced the second above-captioned lawsuit to set aside the conveyance by Marina Estates, Inc. to Robert C. Rohdie of the subject real property, alleging that it was a conveyance of a corporate asset for personal obligations of William M. Boland, Jr., and that it was made without any fair consideration and in fraud of creditors of Marina Estates, Inc. Bankers Trust Company is seeking the reconveyance of the subject real property to Marina Estates, Inc. in order to reach this property by execution against Marina Estates, Inc. to the extent necessary to satisfy its judgment.
After the complaint in this action was served and filed with the court, Citibank instituted its action (first above-captioned action) for foreclosure of the subject mortgage.
The movant, Bankers Trust Company, contends that the complaint in the foreclosure action should be dismissed as it fails to set forth "that there is another action pending between the same parties for the same cause of action in a court” as is required by section 1301 of the Real Property *375 Actions and Proceedings Law, but recognizes that CPLR 3211 (subd [a], par 4) does not require automatic dismissal but that the court should make such "order as justice requires”. Movant further contends that, in the alternative, the court should stay the foreclosure proceeding and consolidate it with the pending action to set aside the alleged fraudulent conveyance.
The court cannot agree with these contentions of the Bankers Trust Company.
Section 1301 of the Real Property Actions and Proceedings Law provides insofar as pertinent as follows:
"§ 1301. Separate action for mortgage debt.
"1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied.
"2. The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected.
"3. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.” (Added L. 1962, ch 312, § 27, eff Sept. 1,1963.)
The purpose of enacting the section referred to (Real Property Actions and Proceedings Law, § 1301) was to avoid multiple litigations to recover the same mortgage debt and to confine the proceedings to collect the mortgage debt to one court and one action (Brandenberg v Tirino, 66 Misc 2d 193; Irving Trust Co. v Seltzer, 265 App Div 696). The purpose of this statute has not been circumvented by the commencement of the foreclosure action after the commencement of the Bankers Trust Company action to set aside the conveyance to Robert C. Rohdie.
Further, the rights of plaintiff Citibank were fixed on November 5, 1973 when the extension agreement with Marina Estates, Inc. was filed and any subsequent transfers by Marina *376 Estates, Inc. cannot prejudice these rights. Citibank has a valid prior lien and Bankers Trust Company’s lawsuit cannot affect it in any way.
The foreclosure action should not be consolidated pursuant to CPLR 602 (subd [a]), as these are not actions involving common questions of law or fact, and consolidation cannot be ordered here in the court’s opinion, without prejudice to Citibank’s rights (see Gibbons v Groat, 22 AD2d 996).
Accordingly, the foreclosure action should not be dismissed or consolidated with the action of Bankers Trust Company to set aside the conveyance, and the motion of Bankers Trust Company is therefore denied.