OPINION OF THE COURT
Herman Cahn, J.
Defendants executed and delivered to plaintiffs a bond and mortgage on premises located at 130 Monroe Street, Brooklyn, New York. Defendants defaulted in paying the mortgage debt, and plaintiffs brought the instant action on the bond.
On May 3, 1976, a default judgment was obtained by plaintiffs in the amount of $8,595.56, and execution was issued to the Sheriff. When the Sheriff attempted to sell the premises subject to the mortgage, the sale was stayed by order of this court pursuant to CPLR 5236 (subd [b]).
*231 Plaintiffs now move to set aside defendants’ default and the judgment entered herein, and thereby to vacate the stay entered on Juanuary 4, 1977, or in the alternative, to modify the January 4, 1977 order. Plaintiffs had a choice of proceeding at law to bring an action on the bond or proceeding at equity by bringing an action to foreclose the mortgage (Copp v Sands Point Marina, 17 NY2d 291), and plaintiffs were thus well within their rights when they elected to sue upon the bond. However, having made that election, plaintiffs are subject to the statutory restrictions which direct that when a judgment is recovered for all or part of the mortgage debt, the execution shall direct that no part of the mortgage property shall be levied upon or sold thereunder. (CPLR 5230, 5236.) The right to execute the judgment is limited to other real and personal property of the judgment debtors.
Defendants’ contention, that plaintiffs’ right to foreclose the mortgage is extinguished as a result of their election to proceed on the bond, is not correct. (Real Property Actions and Proceedings Law, § 1301, subd 1.)
 The purpose of subdivision 1 of section 1301 of the Real Property Actions and Proceedings Law is to avoid multiple actions to recover the same debt and to confine the proceedings to collect the mortgage debt to one court and one action. (Brandenberg v Tirino, 66 Misc 2d 193.) Section 1301 of the Real Property Actions and Proceedings Law bars a subsequent foreclosure action where a prior final judgment has been obtained by a plaintiff in an action to recover all or part of the mortgage debt, only until after execution "has been returned wholly or partly unsatisfied.” This statute is an embodiment of the equitable principle, that once a remedy at law has been resorted to, it must be exercised in its entirety before a remedy in equity may be sought. (White Factors v Friedman, 32 Misc 2d 978.)
The prior order of this court specifically limits the stay so that sale of the property is stayed "in execution of the judgment herein”. Thus, if plaintiffs meet the requirements of section 1301 of the Real Property Actions and Proceedings Law, they may be able to commence a foreclosure proceeding against the property. A sale in such a later proceeding is not stayed by the prior order of this court.
Motion is denied.