■ JAMAICA SAVINGS BANK, Appellant, v MELVIN S. HENRY et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage on real property, plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated February 23, 1984, which granted a motion by defendant Melvin S. Henry to dismiss the complaint.

Order reversed, on the law, without costs or disbursements, motion to dismiss denied, and complaint reinstated. Respondents' time to interpose an answer is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Plaintiff brought an action in the Civil Court, Queens County, to obtain judgment, *inter alia,* for the unpaid balance of a note secured by a mortgage. A money judgment was obtained in that court in favor of the plaintiff and against the judgment debtors, but execution of the judgment was returned unsatisfied. Plaintiff thereafter instituted the subject foreclosure action in the Supreme Court, Queens County, but on a motion by defendant Melvin S. Henry, Special Term dismissed the complaint on the ground that plaintiff had failed to obtain permission from the Civil Court pursuant to RPAPL 1301 (3) to bring the foreclosure action. Special Term cited *Stein v Blatte* (118 Misc 2d 633) in support of its decision.

Here, the Civil Court action had already proceeded to judgment, execution thereof had been returned unsatisfied and the complaint in the foreclosure action adequately pleaded these facts; there was no further requirement, under RPAPL 1301 (3), that plaintiff obtain permission from the Civil Court to bring the instant *foreclosure* action in the Supreme Court. In reaching a contrary conclusion, Special Term apparently misread *Stein v Blatte (supra).*

The motion to dismiss the complaint should have been denied (*see, Stein v Nellen Dev. Corp.,* 123 Misc 2d 268; *cf. Carlin v Lindtveit,* 175 App Div 940 [permission sought from *foreclosure* court to bring a new suit on the bond]). Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.