■ DOLLAR DRY DOCK BANK, Formerly Doing Business as DOLLAR DRY DOCK SAVINGS BANK, Respondent, v PIPING ROCK BUILDERS, INC., et al., Appellants, et al., Defendants.—In an action to foreclose mortgages, the defendants Piping Rock Builders, Inc., Piping Rock Contracting Corp., Piping Rock Industries, Inc., Irving W. Meltzer and Leon Perlstein appeal from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered June 4, 1990, which denied their motion to dismiss the complaint, and (2) an order of the same court, entered October 5, 1990, which denied their motion to sever that portion of the action which involved mortgaged premises located in Suffolk County.

Ordered that the orders are affirmed, with costs.

The plaintiff bank instituted two mortgage foreclosure actions, the instant action and a companion action *(see, Dollar Dry Dock Bank v Piping Rock Contr. Corp.,* 181 AD2d 711 [decided herewith]). In the instant action, the plaintiff bank seeks a judgment of foreclosure against the appellants with regard to three parcels of real property in Nassau County and one parcel in Suffolk County. In the companion action, the plaintiff bank seeks a judgment of foreclosure with regard to a fifth parcel in Nassau County.

The defendant Irving W. Meltzer was a guarantor of the mortgages on all five parcels. He and his wife owned a sixth parcel (their residence) in Nassau County. According to the plaintiff bank, Meltzer fraudulently conveyed his interest in this sixth parcel to his wife for less than fair consideration in

order to put it beyond the reach of the plaintiff bank. The bank, in another action, seeks to set aside this allegedly fraudulent conveyance.

The appellants moved to dismiss the complaints in both foreclosure actions on the ground that RPAPL 1301 bars the maintenance of a foreclosure action while an action to recover any part of the mortgage debt is still pending.

RPAPL 1301 (1) provides that when "final judgment for the plaintiff has been rendered in an action to recover *any part of the mortgage debt,* an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff * * * and has been returned wholly or partly unsatisfied". RPAPL 1301 (3) further provides that "[w]hile [a foreclosure] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover *any part of the mortgage debt,* without leave of the court in which the former action was brought" (emphasis added).

The appellants' contentions to the contrary notwithstanding, an action to set aside a fraudulent conveyance is not "an action to recover any part of the mortgage debt" (RPAPL 1301 [1]). The two actions involve different questions of law and fact and, ultimately, different remedies (i.e., money damages in one and reconveyance of the property in the other). Furthermore, the purpose of RPAPL 1301 is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action *(see, Brandenberg v Tirino,* 66 Misc 2d 193, *affd* 37 AD2d 713; *Irving Trust Co. v Seltzer,* 265 App Div 696). The purpose of this statute is not disserved by the commencement of a foreclosure action after the commencement of an action to set aside a conveyance of real property *(see, Citibank [Mid-Hudson] v Rohdie,* 82 Misc 2d 372), especially when, as here, the subject matter of the fraudulent conveyance action is a different parcel than those that are the subject matter of the foreclosure action. Moreover, RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time *(see, D'Agostino v Wheel Inn,* 65 Misc 2d 227, 231; McKinney's Cons Laws of NY, Book 1, Statutes § 301).

Finally, venue in Nassau County is proper since three out of the four parcels which are the subject matter of the instant

foreclosure action are located in that county *(see,* CPLR 507). Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.