CONTEMPORARY MORTGAGE
BANKERS, INC., Appellant,

v.

HIGH PEAKS BASE CAMP,
INC., Appellee.

No. 93–CV–98.

United States District Court,
N.D. New York.

July 16, 1993.

Office of Abel Jack Schwartz, Garden City, NY, for appellant; Abel Jack Schwartz, of counsel.

Hodgson, Russ, Andrews, Woods & Goodyear, Albany, NY, for appellee; Deborah L. Kelly, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, Senior District Judge.

### INTRODUCTION

Appellant/creditor Contemporary Mortgage Bankers, Inc. ("CMBI") appeals from the November 6, 1992, order of the Bankruptcy Court (Mahoney, B.J.) that denied its motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1).[1] CMBI sought to lift the automatic stay so that it could proceed with a foreclosure action against appellee/debtor High Peaks Base Camp, Inc. ("High Peaks") in state court. This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).[2] *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990) (a bankruptcy court's denial of a motion to lift a stay is a decision reviewable on appeal by the district court under 28 U.S.C. § 158(a)).

### BACKGROUND[3]

CMBI is the owner and holder of the first mortgage on certain real property owned by High Peaks. An individual, Priscilla Pascarelli, is a guarantor of the mortgage debt. High Peaks defaulted on the mortgage. Thereafter, CMBI obtained a judgment in the amount of $487,650 against Pascarelli on account of the mortgage debt in New York State Supreme Court, Essex County. Essex County is the locale of the mortgaged premises as well as the county of Pascarelli's residence. CMBI entered its judgment against Pascarelli on December 13, 1991, and interest at the statutory rate of 9% has been accruing since that time.

After judgment was entered in its favor, CMBI docketed a transcript of this judgment in Schenectady County, presumably because it learned that Pascarelli held a winning lottery ticket that entitled her to receive the net amount of approximately $56,000 each December through the year

---

**1.** This same order also denied CMBI's motion to dismiss High Peaks Base Camp, Inc.'s Chapter 11 bankruptcy case pursuant to 11 U.S.C. § 1112(b)(1) and (2). Neither party addressed this part of the order on appeal. Therefore, the court's review of the bankruptcy court's order is limited to its denial of CMBI's motion to lift the automatic stay.

**2.** This statute provides, in pertinent part:

The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a) (West Supp.1993).

A motion to terminate, annul, or modify the automatic stay is a core proceeding within the meaning of 28 U.S.C. § 157(2)(G) and is, therefore, a proceeding properly referred to a bankruptcy judge under 28 U.S.C. § 157.

**3.** The parties are in agreement concerning the facts that underlie this appeal.

2005. It then served an execution on the Sheriff of Schenectady County who served the New York State Lottery Commission on March 12; 1992, with a levy on the winnings to be paid to Pascarelli. In addition, since only $56,000 could be collected each year, CMBI obtained an order extending the levy for 13 years, through the year 2005.[4]

In July 1992, High Peaks filed a voluntary petition under Chapter 11 which automatically stayed CMBI from commencing a foreclosure action against High Peaks. On September 1, 1992, CMBI filed a motion to lift the automatic stay so that it could commence a foreclosure action against High Peaks in state court. The Bankruptcy Court initially heard oral argument on this motion on October 1, 1992. At that time, CMBI argued that New York Real Property Actions and Proceedings Law § 1301 ("section 1301") did not apply to this case because CMBI had not obtained a judgment against High Peaks nor had CMBI, as yet, seen any money since it obtained the judgment. *See* Transcript of October 1, 1992, proceedings at 2. To the contrary, High Peaks argued that section 1301 did apply and that, pursuant to this section, CMBI was barred from commencing a foreclosure action against High Peaks. *See id.* at 3. This was so, High Peaks argued, because CMBI had chosen to pursue a legal action against Pascarelli as guarantor, had filed a judgment in that action, and had issued a restraining notice extending until 2005. *See id.*

Although Judge Mahoney believed that High Peaks' interpretation of section 1301 was correct, he wanted to review this issue more thoroughly. *See id.* at 3–4. Therefore, he instructed the parties to brief the issue of section 1301's applicability to this

case and to return for oral argument on October 29, 1992.[5] After hearing oral argument, the Bankruptcy Court issued an order that denied CMBI's motion to lift the automatic stay on the ground that "[CMBI] has elected as its remedy pursuant to NYS RPAPL § 1301 to pursue an action on the mortgage debt and is thereby barred from commencing a mortgage foreclosure proceeding against the debtor [High Peaks], ..." *See* Bankruptcy Court's Order dated November 6, 1992, at 2.

As part of its order, the Bankruptcy Court made the following findings of fact:

(1) judgment on the mortgage debt was entered in New York State Supreme Court against guarantor Priscilla M. Pascarelli on or about December 11, 1991;

(2) Priscilla M. Pascarelli is a winner in the New York State Lottery entitled to annual payments of approximately $60,-000.00 through the year 2005;

(3) the property execution was served on the New York State Lottery on or about March 12, 1992;

(4) CMBI extended the effective period of the property execution through December 2005;

(5) the property execution served on the New York State Lottery has not been returned as wholly or partly unsatisfied; and

(6) a second property execution was served on Priscilla M. Pascarelli on October 14, 1992, which was returned unsatisfied.

*See id.* at 1–2.

The parties do not dispute the Bankruptcy Court's factual findings. They do, howev-

---

**4.** In December 1992, the New York State Lottery Commission remitted $56,000 to the Sheriff of Schenectady County. In turn, the Sheriff remitted this amount to CMBI as the first installment on the judgment obtained against Pascarelli.

**5.** On October 14, 1992, CMBI issued a second execution on its December 13, 1991, judgment against Pascarelli to the Sheriff of Essex County with instructions to levy on the assets of Pascarelli, if any, that might be located in Essex Coun-

ty—Pascarelli's county of residence. This execution was returned wholly unsatisfied.

It appears obvious that CMBI served this second execution on its judgment in a last minute attempt to comply with section 1301. Arguably, the first execution did not satisfy section 1301 because it was served upon the Sheriff of a county other than the one in which the guarantor resided.

er, disagree concerning the proper application of section 1301 to these facts.[6]

### DISCUSSION

#### I. Standard of Review

█ In reviewing a bankruptcy court's decision, this court acts as an appellate tribunal and, as such, is governed by the traditional standards of appellate review. *See In re Kerns*, 111 B.R. 777, 781 (S.D.Ind.1990). Thus, although this court must accept the bankruptcy court's findings of fact unless clearly erroneous, its review of that court's conclusions of law is *de novo. See In re Abrantes Construction Corp.*, 132 B.R. 234, 236 (N.D.N.Y. 1991) (McCurn, C.J.) (citations omitted). Within these general guidelines, however, "[e]xisting caselaw indicates that the '[d]ecision of whether to lift the stay [is committed] to the discretion of the bankruptcy judge,' *see Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 507 (7th Cir. 1982); *Rich v. Maryland Nat'l Bank*, 42 B.R. 350, 354 (D.Md.1984), and ... a denial of a motion to lift the automatic stay [may be overturned] only upon a showing of abuse of discretion. *Holtkamp*, 669 F.2d at 507." *In re Sonnax Indus., Inc.*, 907 F.2d at 1286; *see also In re Goldrich*, No. CV–92–3924, 1992 WL 404725, 1992 U.S.Dist. LEXIS 20079 (E.D.N.Y. Dec. 23, 1992); *In re Integrated Resources, Inc.*, No. 91 Civ. 1310, 1992 WL 8335, 1992 U.S.Dist. LEXIS 218 (S.D.N.Y. Jan. 7, 1992); *In re Ionosphere Clubs, Inc.*, 133 B.R. 5, 7 (S.D.N.Y.1991); *In re Kerns*, 111 B.R. at 781. In this context, "[a]n abuse of discretion may take the form of the application of erroneous legal principles or procedures, [or] findings of fact which are clearly erroneous, ..." *In re Chateaugay Corp.*, 109 B.R. 613, 619 (S.D.N.Y.1990), *appeal dismissed without prejudice and remanded on other grounds*, 924 F.2d 480 (2d Cir.1991). It is with these guidelines in mind that this court must review the Bankruptcy Court's order denying CMBI's motion to lift the automatic stay.

#### II. The Merits of the Appeal

The question of whether or not the Bankruptcy Court abused its discretion rests squarely upon this court's determination of the proper application of section 1301 to the facts of this case. This statute provides, in pertinent part, that

> (1) Where *final judgment* for the plaintiff has been *rendered in an action to recover any part of the mortgage debt,* an *action shall not be commenced or maintained to foreclose the mortgage, unless* an *execution against the property of the defendant* has been *issued upon the judgment to the sheriff of the county where he resides,* if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; *and has been returned wholly or partly unsatisfied....*
>
> (3) While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.

---

**6.** In this regard, both parties agree that the following questions form the basis for this appeal:

(1) Was the Bankruptcy Judge clearly erroneous in concluding that the property execution served on Priscilla M. Pascarelli on October 14, 1992, in the county of her residence, which property execution was returned unsatisfied was, in and of itself, insufficient to comply with New York State Real Property Actions and Proceedings Law § 1301, in view of the execution served on the New York State Lottery Commission, which was only partially satisfied?

(2) Was the Bankruptcy Judge clearly erroneous in concluding that CMBI was barred from commencing a mortgage foreclosure action against the debtor in the New York State Courts on the ground that CMBI had elected to proceed on the mortgage debt owed by the debtor in the State Courts, even though an execution issued was returned unsatisfied, in accordance with the requirements of any [sic] NYS RPAPL 1301?

(3) Was the Bankruptcy Judge clearly erroneous in denying CMBI's Motion to Vacate the Stay so as to permit it to commence a foreclosure action in the State Courts?

*See* CMBI's Memorandum of Law at 3.

N.Y. Real Prop. Acts. Law § 1301 (McKinney 1979) (emphasis added).

In the present case, there is no dispute that CMBI obtained a final judgment against Pascarelli as guarantor in an action to recover the mortgage debt. A dispute does exist, however, concerning whether the other requirement of section 1301 has been satisfied; i.e., that the execution on the judgment obtained in that action has been returned either wholly or partly unsatisfied. The confusion results because CMBI executed upon its judgment twice—the first time in Schenectady County and the second time in Essex County, the county of Pascarelli's residence. It is undisputed that this second execution was returned wholly unsatisfied.

CMBI appears to argue that because its second execution on its judgment in Essex County was returned wholly unsatisfied, its first execution of this judgment, served upon the Sheriff of Schenectady County, should be ignored as irrelevant with respect to the issue of whether the requirements of section 1301 have been satisfied in this case. This is so, argues CMBI, because section 1301 permits a mortgagee (CMBI) to commence a subsequent foreclosure action against a mortgagor (High Peaks) once an execution against the property of the guarantor (Pascarelli) obtained as a result of an action on the mortgage debt is issued to the sheriff of the county *in which the guarantor resides;* i.e., Essex County, and is thereafter *returned wholly or partly unsatisfied.* This, urges CMBI, is exactly what has occurred in the present case. In the alternative, CMBI argues that even if the Bankruptcy Court correctly concluded that it had not satisfied the conditions of section 1301, it still should have granted CMBI's motion to lift the automatic stay so that CMBI could litigate the issue of whether it was entitled to bring a foreclosure action against High Peaks in New York State Supreme Court, Essex County, where the original action on the mortgage debt was brought. *See* CMBI's Memorandum of Law at 7.

To the contrary, High Peaks argues that CMBI is foreclosed from commencing or proceeding with a foreclosure action against High Peaks because CMBI chose, pursuant to section 1301, to commence an action against Pascarelli, as guarantor, to recover the mortgage debt. High Peaks argues that because CMBI obtained a final judgment in its action against Pascarelli and executed this judgment against Pascarelli's winnings in the New York State Lottery by service upon the Sheriff of Schenectady County, CMBI is foreclosed from commencing a foreclosure action against High Peaks until this execution is returned wholly or partly unsatisfied in December 2005, if at all. The Bankruptcy Court agreed with High Peaks that section 1301 barred CMBI from commencing a foreclosure action against High Peaks at this time. Accordingly, the Bankruptcy Court denied CMBI's motion to lift the automatic stay.

■ Keeping in mind that this court may overturn the Bankruptcy Court's decision to maintain the automatic stay only upon a finding of an abuse of discretion, the court must determine whether or not the Bankruptcy Court correctly applied the legal principles embodied in section 1301 to the facts of this case. For the reasons stated below, the court concludes that the Bankruptcy Court did not abuse its discretion in holding that section 1301 barred CMBI from commencing a foreclosure action against High Peaks under the circumstances of this case. Accordingly, the court affirms the Bankruptcy Court's order denying CMBI's motion to lift the automatic stay and remands the case to the Bankruptcy Court for further proceedings.

■ New York courts have interpreted section 1301 to require the holder of a note and mortgage to make an election of remedies—either to foreclose on the mortgage or to recover on the note. *First Fidelity Bank, N.A., New Jersey v. Best Petroleum, Inc.,* 757 F.Supp. 293, 296 (S.D.N.Y. 1991) (citing *Copp v. Sands Point Marina,* 17 N.Y.2d 291, 293, 270 N.Y.S.2d 599, 217 N.E.2d 654 (1966)). The purpose of section 1301 is to avoid multiple actions to recover the same debt and to confine the proceedings to collect the mortgage debt to one

court and one action. *Goddard v. Johnson,* 96 Misc.2d 230, 231, 408 N.Y.S.2d 923, 924 (N.Y.Civ.Ct.Kings County 1978) (citing *Brandenberg v. Tirino,* 66 Misc.2d 193, 320 N.Y.S.2d 358) [ (Sup.Ct.Nassau County), *aff'd,* 37 A.D.2d 713, 324 N.Y.S.2d 126 (2d Dep't), *appeal dismissed,* 29 N.Y.2d 792, 327 N.Y.S.2d 358, 277 N.E.2d 407 (1971) ]. As such, section 1301 is the embodiment of the equitable principle that once a party has resorted to a remedy at law, it must exercise that remedy in its entirety before it may seek a remedy in equity. *Goddard,* 96 Misc.2d at 231, 408 N.Y.S.2d at 924 (citing *White Factors, Inc. v. Friedman,* 32 Misc.2d 978, 224 N.Y.S.2d 339 ([Sup.Ct.Westchester County] 1961)); *see also In re 1020 Warburton Ave. Realty Corp.,* 127 B.R. 333, 334 (S.D.N.Y.1991); *United States v. Whitney,* 602 F.Supp. 722, 730 (W.D.N.Y.1985) (citing *French v. French,* 107 A.D. 107, 109, 94 N.Y.S. 1026, *appeal dismissed,* 185 N.Y. 532, 77 N.E. 1187 (1906)).

CMBI relies upon a number of cases to support its contention that the Bankruptcy Court erred in denying its motion to lift the automatic stay solely upon the ground that section 1301 bars it from commencing a foreclosure action against High Peaks. The holdings in each of these cases, however, rest upon the courts' conclusions that a judgment execution had been returned unsatisfied. *See, e.g., Goddard,* 96 Misc.2d at 231, 408 N.Y.S.2d at 924 (if plaintiff meets requirements of section 1301, it may be able to commence a foreclosure proceeding against the property); *Trapani v. Vista Realty Corp.,* 37 Misc.2d 132, 133, 233 N.Y.S.2d 756, 757 (Sup.Ct.Queens County 1962) (defendants were not entitled to affirmative defense that plaintiff could not commence foreclosure action against them because execution on money judgment had

been issued and returned unsatisfied); *Jamaica Sav. Bank v. Henry,* 112 A.D.2d 920, 492 N.Y.S.2d 437 ([2nd Dep't] 1985) (in action wherein execution returned unsatisfied, foreclosure action could proceed). Thus, in order for these cases to be applicable to the present situation, this court would have to find that the Bankruptcy Court erred when it concluded that CMBI's execution on its judgment against Pascarelli has not as yet been returned either wholly or partly unsatisfied. This the court cannot do.

■ There is no dispute that CMBI's second execution on its judgment against Pascarelli, served upon the Sheriff of Essex County, was returned wholly unsatisfied. Had this been the only execution upon this judgment, arguably, CMBI would have satisfied the requirements of section 1301, thus enabling it to commence a foreclosure action against High Peaks.[7] This, however, is not the case. After obtaining its judgment against Pascarelli, CMBI decided to execute upon the judgment by docketing a transcript of that judgment in Schenectady County and serving the execution on the Sheriff of that county with instructions to serve the New York State Lottery Commission with a levy upon Pascarelli's winnings. Having chosen this legal remedy, CMBI is barred from commencing a foreclosure action against High Peaks until this execution is returned wholly or partly unsatisfied.

■ At the present time, the Sheriff of Schenectady County has not returned the execution wholly or partly unsatisfied. Moreover, given the fact that CMBI obtained an order extending the effective period of the property execution until December 2005, it would be impossible for the Sheriff to do so at this time.[8] Section 1301

---

**7.** This conclusion, however, would not have required the Bankruptcy Court to grant CMBI's motion to lift the automatic stay. Rather, it would have constituted only one factor that the Bankruptcy Court would have weighed in making its determination whether, pursuant to 11 U.S.C. § 362(d), CMBI had demonstrated that sufficient cause to modify or lift the automatic stay existed. *See In re Ionosphere Clubs, Inc.,* 133 B.R. 5, 7 (S.D.N.Y.1991) (citing *In re Todd*

*Shipyards Corp.,* 92 B.R. 600, 602 (D.N.J.1988) (and cases cited) (in making their determination courts balance hardship to be imposed upon debtor's estate if litigation is allowed to proceed against the hardship to be imposed upon the moving party if the stay is not lifted)).

**8.** The court notes that to the extent that CMBI argues that because it has so far received only $56,000, the execution of the judgment has been

**896**

does not provide for any time limit in which an execution must be satisfied or, if not satisfied, returned nor does it foreclose payment of the judgment in installments. Thus, until such time as the Sheriff of Schenectady County ceases to remit the $56,000 received each December from the New York State Lottery Commission to CMBI, or for any other reason returns the execution to CMBI as wholly or partly unsatisfied, CMBI has not exhausted its legal remedy as it is required to do by section 1301 prior to commencing a foreclosure action.

■ CMBI's attempt to circumvent this result by serving a second execution on its judgment upon the Sheriff of Essex County is to no avail. For this court to find that this second execution, by satisfying the terms of section 1301, somehow renders CMBI's first execution irrelevant or nonexistent would elevate form over substance. Furthermore, under the facts of this case, such a result would, in this court's estimation, defeat the equitable principle that underlies section 1301—that once a holder of a note and a mortgage resorts to a remedy at law, it must exercise this remedy in its entirety before it may seek the equitable remedy of foreclosure. Thus, the court agrees with the Bankruptcy Court that section 1301 bars CMBI from commencing a foreclosure action against High Peaks at this time. Accordingly, the court concludes that the Bankruptcy Court did not abuse its discretion in denying CMBI's motion to lift the automatic stay.

## CONCLUSION

For all the reasons stated above, the court concludes that the Bankruptcy Court did not abuse its discretion in denying CMBI's motion to lift the automatic stay on the ground that section 1301 bars CMBI from commencing a foreclosure action against High Peaks at this time. Accordingly, the court affirms the decision of the

only partly satisfied within the meaning of section 1301, it provides the court with no caselaw

Bankruptcy Court and remands the case for further proceedings.

IT IS SO ORDERED.

to support this proposition.