U.S. Bank N.A. v Itshak (2020 NY Slip Op 07241)





U.S. Bank N.A. v Itshak


2020 NY Slip Op 07241


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2018-10684
 (Index No. 23065/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Azaria Ben Itshak, etc., appellant, et al., defendants.


Berger Fink LLP, New York, NY (Jason M. Fink and Leslie Perez-Bennie of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Azaria Ben Itshak appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered June 12, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate so much of an order of the same court dated October 21, 2016, as granted the plaintiff's motion for an order of reference, upon his failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order entered June 12, 2018, is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff commenced the instant foreclosure action against, among others, the defendant Azaria Ben Itshak (hereinafter the defendant). The defendant failed to answer the complaint or otherwise appear in the action. In 2014, the plaintiff moved for an order of reference upon the defendant's default. The defendant opposed the motion and cross-moved to dismiss the action pursuant to CPLR 3215(c). In an order dated October 21, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
The defendant thereafter moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate so much of the October 21, 2016 order as granted the plaintiff's motion for an order of reference on default, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, claiming that he was not properly served with the summons and complaint. In an order entered June 12, 2018, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
Contrary to the Supreme Court's conclusion, the defendant did not waive his jurisdictional defense by cross-moving to dismiss the complaint pursuant to CPLR 3215(c), as such a motion by a defendant "does not constitute an appearance in the action" (CPLR 3215[c]).
Nevertheless, the defendant failed to rebut the presumption of proper service established by the affidavit of the plaintiff's process server. "A process server's affidavit of service [*2]constitutes prima facie evidence of proper service" (Taron Partners, LLC v McCormick, 173 AD3d 927, 928). "To be entitled to an evidentiary hearing on the issue of service, [a] defendant [is] required to rebut the plaintiff's prima facie showing by submitting a sworn denial of receipt of service containing specific facts to refute the statements in the process server's affidavit" (Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859).
Here, the process server averred, among other things, that after unsuccessfully attempting to effect personal delivery of the summons and complaint at the defendant's residence on different days and at different times of day when the defendant could reasonably have been expected to be found at home, the process server affixed the complaint to the door of the residence, and later mailed a copy of the same to that address by first-class mail (see CPLR 308[4]; Taron Partners, LLC v McCormick, 173 AD3d at 929). In opposition to this prima facie showing, the defendant failed to address the process server's averments regarding all of his attempts at service (see Countrywide Home Loans, Inc. v Smith, 171 AD3d at 859). Additionally, the defendant failed to submit any affidavits from his wife and adult son, who also lived at the residence, as to whether they ever saw a copy of the summons and complaint, either affixed to the door or in the mail, or whether they ever witnessed any attempts at service (see id.).
Accordingly, those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the October 21, 2016 order as granted the plaintiff's motion for an order of reference on default, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, were properly denied.
The plaintiff's remaining contentions need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court