U.S. Bank N.A. v Cadoo (2021 NY Slip Op 04678)





U.S. Bank N.A. v Cadoo


2021 NY Slip Op 04678


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-08783
 (Index No. 507655/14)

[*1]U.S. Bank National Association, respondent,
v
Donmackimber Cadoo, etc., et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Donmackimber Cadoo and David Cohen appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 8, 2019. The order denied that branch of the cross motion of the defendants Donmackimber Cadoo and David Cohen which was pursuant to CPLR 3211(a)(8) to dismiss the complaint based upon lack of personal jurisdiction over the defendant Donmackimber Cadoo.
ORDERED that the order is affirmed, with costs.
This mortgage foreclosure action was commenced on August 20, 2014, and the affidavits of service in the record reflect that the defendant Donmackimber Cadoo was served with the summons and complaint pursuant to CPLR 308(2) in September 2014, and again by personal delivery outside of the state in December 2014. The plaintiff made an ex parte application on or about August 28, 2015, to permit service upon the defendant David Cohen by publication, and to file and serve a supplemental summons and amended complaint, adding Cohen's unknown successors and/or heirs as defendants in the action, which the Supreme Court granted in an order dated October 19, 2015.
The plaintiff electronically filed through the New York State Courts Electronic Filing System a supplemental summons, an amended complaint, and an amended notice of pendency on January 6, 2016. Service of the supplemental summons upon Cohen and/or his unknown successors or heirs was effectuated by publication on several dates from January 12, 2016, through February 2, 2016. On October 13, 2016, the Supreme Court issued an order (hereinafter the conditional order of dismissal) directing dismissal of the action if the plaintiff did not proceed to entry of judgment within 90 days, based upon the court's finding "that issue has not been joined and the plaintiff has failed to proceed to entry of judgment within one year of default." The action was marked dismissed on or about February 10, 2017. The plaintiff moved to vacate the conditional order of dismissal and to restore the action to the calendar. Cadoo and Cohen (hereinafter together the defendants) opposed the motion. In an order dated August 15, 2017, the court granted the plaintiff's motion.
The plaintiff moved for leave to enter a default judgment and an order of reference, [*2]which motion was ultimately withdrawn. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground that Cadoo was never properly served with the amended complaint. In an order dated May 8, 2019, the Supreme Court denied that branch of the cross motion, finding that by opposing the plaintiff's motion to vacate the conditional order of dismissal without raising a jurisdictional objection, and by waiting more than a year after the action was restored to cross-move for dismissal based on lack of personal jurisdiction, Cadoo had waived any claim that the court lacked personal jurisdiction over him. The defendants appeal.
"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see Finn v Church for the Art of Living, Inc., 90 AD3d 826, 827). "A person who participates in the merits of an action appears informally and confers jurisdiction on the court" (Matter of Roslyn B. v Alfred G., 222 AD2d 581, 582). Certain types of limited involvement in an action by a defendant do not waive jurisdictional defenses, such as "where the defendant's only participation in the action is the submission of a motion to vacate a default judgment for lack of personal jurisdiction" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d at 628), or, as most relevant here, "cross-moving to dismiss the complaint pursuant to CPLR 3215(c)" (U.S. Bank N.A. v Itshak, 189 AD3d 919, 920; see CPLR 3215[c]).
Here, by opposing the plaintiff's motion to vacate the conditional order of dismissal which was, in effect, pursuant to CPLR 3215(c), the defendants did not demonstrate a "clear intent to participate" (Taveras v City of New York, 108 AD3d 614, 617) in the litigation, nor did they participate in the lawsuit "on the merits," and therefore they did not formally or informally appear in the action (id. at 617; see Matter of Roslyn B. v Alfred G., 222 AD2d at 582). Accordingly, the defendants did not waive their jurisdictional defense by failing to raise the defense in their opposition to the motion to vacate the dismissal, in effect, pursuant to CPLR 3215(c) (cf. U.S. Bank N.A. v Itshak, 189 AD3d at 920). Moreover, the plaintiff's contention that the branch of the defendant's cross motion which was to dismiss for lack of personal jurisdiction was untimely is unavailing, as the plaintiff relies upon cases in which, unlike here, the defendant had formally appeared in the action by filing a notice of appearance but thereafter failed to raise a timely objection to personal jurisdiction (see e.g. JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191; Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844). Nevertheless, the Supreme Court properly denied that branch of the defendants' cross motion which was dismiss the complaint due to lack of personal jurisdiction over Cadoo, as the court obtained jurisdiction over Cadoo upon the service of the original summons and complaint (see CPLR 308[2]; 313; David v Singletary, 180 AD3d 993, 994). Contrary to the defendants' contention, the plaintiff was not obligated to serve Cadoo with the amended complaint in the manner provided for service of a summons where, as here, the amended complaint did not add any new claims for relief (see CPLR 3012[a]; Citibank v Hamilton, 114 Misc 2d 1082, 1088 [Civ Ct, Bronx County]; Brandenberg v Tirino, 59 Misc 2d 630 [Sup Ct, Nassau County], affd 34 AD2d 737). Any purported error in the service of the amended pleading upon Cadoo was not jurisdictional in nature and, in the absence of any apparent prejudice to Cadoo, can and should be ignored by the court (Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599, 607-608).
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court